# CRAVATH

David R. Marriott
dmarriott@cravath.com
T+1-212-474-1430
New York

December 22, 2022

Xinuos, Inc. v. International Business Machines Corp., et al., No. 7:22-cv-09777-CS (S.D.N.Y)

Dear Judge Seibel:

This Firm represents Defendants International Business Machines Corp. ("IBM") and Red Hat, Inc. ("Red Hat") in the above-entitled matter.  We write respectfully to request leave to (1) file a motion for judgment on the pleadings, or, in the alternative, summary judgment, that Plaintiff Xinuos's copyright claim (count 1) fails as a matter of law; (2) withdraw Defendants' pending motion to dismiss Xinuos's antitrust, unfair competition and unjust enrichment claims (counts 2-7) and re-file an updated motion to dismiss those claims citing and analyzing the law of this circuit (rather than the law of the Third Circuit, where the case was originally filed); and (3) move to stay discovery pending resolution of the foregoing motions, which, if granted, will fully dispose of this case.

Background.  This case concerns a Virgin Islands company (Xinuos) that (i) claims rights it does not have over IBM and Red Hat products that long predate Xinuos's existence; (ii) finds fault with a public merger between IBM and Red Hat that was announced more than four years ago, without any objection by Xinuos, and closed more than three years ago, without any challenge by any regulator in the world; and (iii) accuses IBM and Red Hat of anticompetitive conduct in a marketplace that is more competitive than ever.  (ECF No. 1 ("Compl.").)  Xinuos asserts two different buckets of alleged misconduct:  (1) that IBM stole source code from a purported predecessor of Xinuos (The SCO Group, Inc. ("SCO")) and included that code in IBM's AIX for Power, z/OS mainframe and i midrange server operating systems (Compl.¶¶ 55-60); and (2) that IBM and Red Hat conspired to harm competition for server operating system products and then capped off the alleged conspiracy by merging into one company, which now purportedly wreaks anticompetitive havoc on the marketplace (Compl. ¶¶ 78-80; 166-70).

While Xinuos's complaint makes no mention of it, IBM already litigated the first bucket of alleged misconduct with Xinuos's supposed predecessor, SCO, for over 18 years before settling the dispute in August 2021, after SCO filed for bankruptcy protection.  In a lawsuit filed in Utah in 2003, SCO falsely alleged that IBM misappropriated source code made available to it during a joint-development project called Project Monterey and then incorporated this code into both IBM's AIX for Power operating system and the Linux operating system without permission. In fact, IBM used the code pursuant to a license with SCO's predecessor in interest, The Santa Cruz Operation, Inc., as revealed in then-contemporaneous public documents.  SCO claimed

**NEW YORK**
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
T+1-212-474-1000
F+1-212-474-3700

**LONDON**
CityPoint
One Ropemaker Street
London EC2Y 9HR
T+44-20-7453-1000
F+44-20-7860-1150

**WASHINGTON, D.C.**
1601 K Street NW
Washington, D.C. 20006-1682
T+1-202-869-7700
F+1-202-869-7600

CRAVATH, SWAINE & MOORE LLP

that IBM's alleged misconduct infringed the same copyrights at issue here and constituted unfair competition. However, the Utah district court refused to permit SCO's claims after years of expensive litigation. The Tenth Circuit affirmed the Utah district court in full and found a triable issue only as to a portion of SCO's unfair competition claim (but not its copyright claim). Ultimately the case settled on August 17, 2021, releasing all of SCO's claims, including the copyright claim Xinuos purports to assert here. On October 14, 2021, the U.S. Bankruptcy Court for the District of Delaware (where SCO filed for bankruptcy protection) approved the settlement. On November 5, 2021, the presiding district judge in Utah dismissed SCO's case with prejudice.

The second bucket of alleged misconduct has not been litigated. But nothing about IBM's relationship with, or acquisition of, Red Hat was (or is) in any way anticompetitive. On the contrary, before the merger, the companies collaborated for many years to develop and grow enterprise-grade Linux and to bring hybrid cloud solutions to existing and new customers. The IBM/Red Hat merger was a natural evolution of a partnership that has long benefited customers by, among other things, expanding the market and producing innovative new products. Antitrust authorities around the world, including the U.S. Department of Justice, the Federal Trade Commission and the European Commission ("EC"), reviewed the transaction and took no action to challenge it or in any way endorse Xinous's claims. On the contrary, the EC unconditionally approved the transaction, stated it raised "no competition concerns", and acknowledged potential pro-competitive effects, such as IBM's "intention to use the complementary capabilities of Red Hat to further develop and offer open hybrid cloud solutions", "increas[ing] choice for enterprise consumers". Xinuos has not adequately pled, and there is not any factual basis to adequately plead, that IBM and Red Hat violated antitrust law in concluding a transaction that no regulator anywhere elected to challenge.

Motion for judgment on the pleadings/summary judgment. With the Court's permission, IBM intends to move for judgment on the pleadings, or, in the alternative, summary judgment, on Xinuos's copyright claim.[1] The claim was released last year in a court-approved settlement after over 18 years of litigation, and after Defendants' pending motion to dismiss was filed. Contrary to Xinuos's suggestion, Xinuos had nothing to do with the development of the supposedly-infringed material. Rather, the code was developed by AT&T and later Novell and The Santa Cruz Operation, Inc., beginning in the late 1960s. IBM licensed the code from each of these companies and had the right to use it by no later than 2001. Xinuos claims to have purchased the code from SCO's bankruptcy estate in 2011. However, SCO did not sell to Xinuos the right to sue IBM with respect to this code. Just the opposite. SCO expressly retained the right to pursue litigation against IBM concerning the code and did so for nearly 5 years until the Tenth Circuit ruled that the Utah district court did not abuse its discretion in denying leave to amend to include a copyright claim. Xinuos has never had the right to sue IBM for infringing the code, and any claim for infringement was released in 2021 through a settlement approved in bankruptcy court shortly after this case was filed. Even if the claim had not been released, it would fail because, among other reasons, it is barred by the statute of limitations (as IBM's use of the code has been a matter of public record for more than two decades). Resolution of this motion would not require any discovery. Nor should it, as IBM has already spent years and millions of dollars litigating these issues.

---

[1] The factual record for the Rule 12(c) motion may include documents filed on the public docket in SCO's bankruptcy proceeding, including the settlement agreement and release between IBM and SCO, of which this Court may take judicial notice *See, e.g.*, *Morgan v. Bernard*, No. 3:12cv983 (SRU), at *2 (D. Conn. Mar. 12, 2013).

<u>Refreshed motion to dismiss</u>.  Before IBM settled its separate, long-standing lawsuit with SCO, Defendants moved to dismiss Xinuos's non-copyright claims, while this case was pending in the Virgin Islands.  Because Xinuos brought the case there, the motion cited the law of the Third Circuit.  The motion is fully briefed but has not been argued orally.  Given the transfer of this case to Your Honor in the Southern District of New York, Defendants believe it would be beneficial to the Court if they were to update the motion (which was prepared by Defendants' predecessor counsel) and resubmit it citing the law of this circuit.  Doing so would assist the Court by refining the issues presented and providing the Court with the relevant law of this circuit so that the Court need not do that research in the first instance.  Other courts in this district have taken this approach following the transfer of a case from another district.  *See, e.g.*, *Wade Park Land Holdings, LLC et al. v. Kalikow et al.*, No. 1:21-cv-01657-LJL (S.D.N.Y. Mar. 25, 2021) (ordering parties to re-brief motion to dismiss following transfer to this court); *New Look Party Ltd. v. Louise Paris Ltd. et al.*, No. 11 Civ. 6433(NRB) (S.D.N.Y. Jan. 11, 2012) (Plaintiff directed to re-brief motion under Second Circuit law following transfer to this court).

<u>Motion to stay</u>.  Finally, Defendants seek to stay discovery pending resolution of the foregoing motions.  Xinuos has made clear that it seeks extensive discovery, notwithstanding the shortcomings of its claims.  Permitting discovery would impose significant, undue burden on IBM, Red Hat, third parties and the Court.  The discovery Xinuos seeks concerns some of Defendants' most sensitive information (*e.g.*, source code), would require the production of materials going back decades, and would be disruptive to Defendants' and third parties' on-going business.  Xinuos may argue that IBM could easily reproduce in this case the discovery produced by it in <u>SCO v. IBM</u>.  Not so.  Discovery in that case closed in 2007, the discovery material is not readily accessible, and, even if it were, it would take an extraordinary effort to determine which subset of materials is relevant to the present case and which is not.  IBM litigated <u>SCO v. IBM</u> for nearly two decades at considerable expense, and should not be required to incur additional expense, absent a determination by this Court that Xinuos's copyright claim can proceed despite the court-approved settlement of <u>SCO v. IBM</u>.  What's more, Xinuos's antitrust claims are entirely new and would require a fresh search and production.  It would make no sense to undertake such a search and production before a determination that Xinuos's antitrust claims can survive a motion to dismiss.

For the foregoing reasons, Defendants respectfully request that the Court permit the referenced motions, which we understand Xinuos will oppose.  Insofar as the Court has already set an initial pretrial conference for January 17, 2023, Defendants respectfully submit that for the sake of efficiency the Court take these issues up at that conference.

Respectfully submitted,

David R. Marriott

Honorable Cathy Seibel
  The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
    300 Quarropas Street
      White Plains, NY 10601-4150

Copies to:  All counsel of record (via ECF)