

**Gabriel M. Ramsey**
GRamsey@crowell.com
(415) 365-7207  direct

Crowell & Moring LLP
3 Embarcadero Center
26th Floor
San Francisco, CA 94111
+1.415.986.2800  main
+1.415.986.2827  fax

January 10, 2023

**BY ELECTRONIC FILING**

Honorable Cathy Seibel
The Hon. Charles L. Brieant Jr. Federal Building
 and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

RE: *Xinuos, Inc. v. International Business Machines Corp., et al.*, No. 7:22-cv-09777-CS
(S.D.N.Y.)

Dear Judge Seibel:

Plaintiff Xinuos submits this response in opposition to Defendants IBM and Red Hat's letter
seeking leave to file two new dispositive motions and a motion to stay pending their resolution.
Defendants have not shown good cause.  Their putative motions are untimely, without merit, and
will not promote efficiency—only more delay.  Instead, the Court should enter a schedule.

**Background**

Xinuos filed this case in March 2021.  Dkt. 1.  Defendants moved to dismiss Xinuos' competition
and common law claims – but not its copyright claim – and to transfer.  Dkt. 41, 43.  Defendants
obtained a stay of discovery pending the resolution of their transfer request, *but not their motion
to dismiss*.  Dkt. 74 at 4 (holding a "stay discovery while the motion to transfer is being resolved").
As a result, nothing substantive has happened in this case since it was filed 22 months ago.

This case was transferred to this District and later assigned to Your Honor in November 2022.
Dkt. 77; Case Assignment on 11/18/2022.  On December 6, 2022, David Marriott of Cravath
entered an appearance in the case, Dkt. 85, and filed a letter asking the Court to defer an initial
case management conference to "afford us a meaningful opportunity to get up to speed, allow us
to confer with counsel [], and increase the probability of a productive conference."  Dkt. 86.  But
instead of meaningfully conferring with Xinuos on a case schedule, Defendants sought leave to
file three motions.  Dkt. 102.



**Defendants' proposed motion against Xinuos' copyright claim is contrary to the pleading rules, an orderly presentation of issues, and judicial economy; and it is without merit.**

Defendants did not move to dismiss or answer Xinuos' copyright claim, and are thus in default. Rather than obtaining leave to plead out of time, Defendants seek to litigate that claim in reverse by filing for summary judgment *before pleading and before any discovery*.[1]  This is backwards. Xinuos is entitled to notice of the defenses asserted, to take discovery, and to develop a record before summary judgment.  Further, Defendants refuse to stipulate that this would be their only summary judgment motion against Xinuos' copyright claim, preserving their ability to re-file on these and other grounds later.  Judicial economy does not favor the piecemeal litigation of claims.

Defendants' un-pleaded defense that, in 2011, Xinuos acquired the copyrights at issue from SCO but somehow SCO retained the right to sue on them for future infringement is nonsensical and, in any event, is not an argument that can be resolved on the pleadings.  Discovery is required.

Moreover, Defendants had the opportunity to raise this argument long ago and decided not to do so.  As Mr. Marriott said on the record[2] in the SCO bankruptcy litigation over one year ago: "[M]y impression is that they are seeking to assert rights that we do not believe that they have."  *In re TSG Group, Inc., et al*, 7-bk-11337-BLS (D. Del. Bank. Sept. 27, 2021), Dkt. 1533 at 16:14-16.

Defendants invoke the 2021 settlement agreement with the SCO bankruptcy trustee to attempt to excuse their delay.  That settlement is a red herring.  Xinuos is not a party to that settlement and, thus, Xinuos cannot have "released" anything by it.  Moreover, there was no copyright claim litigated between SCO and IBM to settle.  Defendants' argument simply makes no sense because it is legally impossible to transfer the ownership of a copyright while retaining the right to sue for the future infringement of that copyright. *ABKCO Music, Inc. v. Harrisongs Music, Ltd.*, 944 F.2d 971, 980 (2d Cir. 1991) ("[T]he Copyright Act does not permit copyright holders to choose third parties to bring suits on their behalf.")

Finally, the statute of limitations is not grounds for early summary judgment before discovery given the discovery rule.  At most, the statute of limitations narrows the damages period here.

---

[1]  Defendants ask to file their motion under Rule 12(c) and to seek summary judgment "in the alternative." Dkt. 102.  But their invocation of Rule 12(c) is specious.  Rule 12(c) is not a Trojan horse to make late Rule 12(b) arguments.  *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 301 (2d Cir. 2021) (stating that ""[t]he standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim.") (internal citation omitted).  And the issue Defendants want resolved is not susceptible to resolution on the pleadings alone.  Defendants assertion that Rule 12(c) allows for consideration beyond the pleadings through judicial notice of extraneous documents not appended or referenced in the complaint cites a case in which that court refused to do so.  *Id*.  As subsequent correspondence makes clear, Defendants want an early summary judgment motion before discovery even starts, while still having the opportunity to make the same arguments after discovery.

[2]  Defendants' letters asserting their need for additional time to "get up to speed," Dkt. 86, 100, neglect to mention that Cravath, and Mr. Marriott in particular, represented IBM in litigation it asserts was related "for two decades."  In any event, Defendants' apparent decision to substitute longtime counsel at Cravath for Quinn is not good cause to redo Rule 12(b) motions or for additional delay.



**Defendants' "refreshed" motion to dismiss Xinuos' competition claims is not needed or timely.**

Defendants moved to dismiss Xinuos' federal and state competition and common law claims, and to transfer this case to this District on judicial economy grounds.  In doing so, Defendants never suggested that a transfer would require new or supplemental briefing of its motion to dismiss.

Defendants seek leave to "refresh" their briefs to address Second Circuit law.  But Xinuos' state and common law claims are advanced under Virgin Islands law, not Second Circuit law.  And Defendants did not rely solely on Third Circuit case law in briefing Xinuos' federal antitrust claims. Dkt. 44.  Also, Defendants' letter does not explain how Second Circuit case law is different or why those differences are relevant here.  Defendants' letter also does not explain why the briefs cannot be "refreshed" to address specific differences without wholesale re-briefing.  Tellingly, Defendants refuse to limit their "refreshed" briefing to arguments they already advanced.

**There is no basis for additional delays of Xinuos' case.**

This case is 22 months old.  While not the fault of this Court, neither can that fact be ignored.  The well-worn policy in this District is for discovery to proceed in the face of motions to dismiss, particularly partial motions that do not dispose of the entire case.

Defendants do not show good cause for another stay of discovery.  Defendants obtained a stay of discovery pending their transfer motion, not their motion to dismiss.  In doing so, Defendants told the Court a transfer would be more efficient.  Defendants cannot now reverse themselves and credibly argue that the transfer requires additional delay.

Indeed, Xinuos' likely response, among others, to Defendants' early summary judgment motion on Xinuos' copyright claim, if allowed, would be that there are disputed issues of material fact and that discovery is necessary to resolve them.  The scope of that discovery likely differs little from the scope of discovery needed on the copyright claim overall.  Thus, there is no economy to the piecemeal litigation or discovery of Xinuos' copyright claim or its overall case.

Defendants' request for leave should be denied in all respects for failure to show good cause.  Xinuos requests that the Court enter a schedule and allow discovery to proceed.


Respectfully submitted,

*/s/ Gabriel M. Ramsey*

Gabriel M. Ramsey

cc:     All counsel of record (via ECF)