# CRAVATH

David R. Marriott
dmarriott@cravath.com
T+1-212-474-1430
New York

November 9, 2023

*Xinuos, Inc. v. IBM Corp., et al.*, No. 7:22-cv-09777-CS (S.D.N.Y.)

Dear Judge Seibel:

This Firm represents Defendants International Business Machines Corp. ("IBM") and Red Hat, Inc. in the above-entitled matter. We respectfully submit this response to the letter from Plaintiff Xinuos, Inc. requesting a pre-motion conference for an order "requiring IBM to make its source code available for inspection". (ECF 135.) Plaintiff's request should be denied.

As an initial matter, Plaintiff's request is a misplaced motion for reconsideration. Plaintiff previously requested production of Defendants' source code, and Defendants opposed the motion in papers submitted on November 1, 2021 and with arguments presented orally during a conference with the Court. The Court considered the parties' arguments and denied Plaintiff's motion. In an order of January 17, 2023, the Court stayed discovery until resolution of Defendants' motion to dismiss and motion for summary judgment. Those motions are still pending, and Plaintiff has not identified a proper basis for reconsideration of the Court's order. Plaintiff's request is not only untimely, but it also cites no change in the law or overlooked facts. *See Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (stating "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked").

Even if Plaintiff's request was not an untimely and unsupported request for reconsideration, there is no cause for the Court to require production of some of Defendants' most sensitive property. As set out in Defendants' summary-judgment and motion-to-dismiss papers, Plaintiff's claims are entirely without merit and should be dismissed with prejudice. Among other things, Plaintiff seeks to re-litigate claims that were litigated for nearly two decades, that have been released and that have long been barred by the statute of limitation. Dkt.118-119 (motion to dismiss); Dkt.121-122 (motion for summary judgment).

What's more, the requested discovery would impose undue burden and expense on Defendants. While Plaintiff seeks to portray its request as modest and discrete, it is not. Plaintiff seeks some of the most sensitive business information that Defendants possess. Plaintiff appears to seek information going back more than two decades. And while it is not entirely clear what exactly Plaintiff wants, there is no question that a herculean effort would be required to produce it. *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 70 (2d Cir. 2003) (stating district courts should deny discovery requests when they "create[ ] an inappropriate burden or hardship."); *In re Fosamax Products Liability Litigation*,

**NEW YORK**
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
T+1-212-474-1000
F+1-212-474-3700

**LONDON**
CityPoint
One Ropemaker Street
London EC2Y 9HR
T+44-20-7453-1000
F+44-20-7860-1150

**WASHINGTON, D.C.**
1601 K Street NW
Washington, D.C. 20006-1682
T+1-202-869-7700
F+1-202-869-7600

CRAVATH, SWAINE & MOORE LLP

MASTER FILE MDL No. 1789, 1:06-MD-1789 (JFK) (JCF), at *7 (S.D.N.Y. Aug. 4, 2009) (stating "[d]iscovery may be blocked if permitting it would create an undue burden that outweighs its necessity.").

Plaintiff's letter largely recycles arguments previously considered and rejected by the Court. Its claim that the Court should reverse its prior order because "memories fade and evidence goes stale" is inapt. Putting aside the fact that Plaintiff seeks to re-litigate claims concerning a project that ended more than two decades ago and that have been time-barred for at least that long, the source code Plaintiff seeks has no memory and will not go stale. What the Court said at the January 2023 hearing is no less true today: "[I]f I grant the motions…but we start discovery anyway, you will have both spent a lot of time and money that will have turned out to be a waste."

In sum, Plaintiff has shown neither a basis for the Court to reconsider its January ruling nor good cause to begin discovery. Plaintiff's request should therefore be denied.

    Respectfully submitted,

    /s/ David R. Marriott

    David R. Marriott

Hon. Cathy Seibel
    The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
      300 Quarropas St.
        White Plains, NY 10601

VIA ECF

Copies to:

All Counsel of Record

VIA ECF