### UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| XINUOS, INC.,<br><br>*Plaintiff*,<br><br>-against-<br><br>INTERNATIONAL BUSINESS MACHINES<br>CORP. and RED HAT, INC.,<br><br>*Defendants*. | Case No. 7:22-cv-09777-CS-VR<br><br>Judge Cathy S. Seibel |

## DEFENDANTS' ANSWER TO COMPLAINT

Defendants International Business Machines Corp. ("IBM") and Red Hat Inc. ("Red Hat") (collectively, "Defendants") respectfully submit this Answer to the Complaint (Dkt. 1) filed by Plaintiff Xinuos Inc. ("Xinuos").

Except to the extent specifically stated herein, Defendants deny any and all allegations of wrongdoing in the Complaint, which ignores the indisputable facts and disregards federal and Virgin Islands law, and state that Plaintiff is not entitled to any of the requested remedies.

The Complaint includes extensive allegations of misconduct concerning Project Monterey, which were the subject of a motion for partial summary judgment granted by the Court on January 22, 2024. Those allegations, which were false and misplaced, are no longer part of the case and do not require a response.

### I.      COMPLAINT

1.      Defendants state that the averments in paragraph 1 of the Complaint purport to describe plaintiff's state of mind and method of pleading and do not require a response. To the

extent a response is required, Defendants deny the averments in paragraph 1, except admit that plaintiff has asserted a complaint against Defendants, which is baseless.

2.     Defendants deny the averments in paragraph 2 of the Complaint, except admit that IBM acquired Red Hat.  Defendants have long participated lawfully in a highly competitive marketplace; they have not engaged in any conduct that is harmful to consumers, competition or innovation; and they have not done anything to mislead investors.

3.     Defendants deny the averments in paragraph 3 of the Complaint, except admit that servers are computer hardware that can be used for various functions, and server operating systems are software that enables the use of the server hardware to perform various functions.

4.     Defendants deny the averments in paragraph 4 of the Complaint, except admit that IBM and Red Hat sell server operating system software, and state that they lack knowledge and information sufficient to form a belief as to the activities of Plaintiff.

5.     Defendants deny the averments in paragraph 5 of the Complaint, and state that Defendants' motive is, and has long been, to lawfully compete in a highly competitive marketplace by providing customers with high-quality, innovative products and services.

6.     Defendants deny the averments in paragraph 6 of the Complaint, except refer to the referenced documents for their contents.  IBM obtained a license to use the allegedly stolen code from entities to whose rights Plaintiff purports to be a successor in interest; and IBM litigated and obtained a release with respect to the very copyright claim Plaintiff purports to assert here and as to which the Court has granted summary judgment.

7.     Defendants deny the averments in paragraph 7 of the Complaint.

## II.     NATURE OF THE ACTION

8.     Defendants state that the averments in paragraph 8 of the Complaint purport to make sweeping, historical statements beyond the knowledge of any party and do not require a

response.  To the extent a response is required, Defendants deny the averments in paragraph 8, except admit that the modern economy relies on computers; many companies utilize servers to meet computing needs; a number of companies manufacture server hardware including IBM; for a long time, many companies have used servers installed at a physical location associated with a particular company or data center; and servers are increasingly managed "in the cloud" in a more centralized manner.

9.      Defendants deny the averments in paragraph 9, except state that a server generally needs an operating system to function, and a server operating system can allow computer hardware to "run" software applications, enabling the communication between software and hardware.

10.      Defendants deny the averments in paragraph 10 of the Complaint, except admit that there have been and are multiple developers of corporate server operating systems.

11.      Defendants deny the averments in paragraph 11 of the Complaint, except admit that operating systems can be created by software developers using computer code languages; a number of server operating systems are based on Unix and/or Linux programming paradigms and/or architectures; and certain Unix- and/or Linux-based operating systems could be reasonable substitutes for one another in certain circumstances.

12.      Defendants deny the averments in paragraph 12 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 12 as they concern Xinuos and its alleged products and state that UnixWare and OpenServer were developed by third parties and long predated Xinuos.

13.      Defendants deny the averments in paragraph 13 of the Complaint, except admit that open source can refer to software that can be inspected, modified, and enhanced more freely

than non-open-source software and state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 13 as they concern Xinuos and its alleged product.

14.     Defendants deny the averments in paragraph 14 of the Complaint, except admit that IBM sells a Unix-based server operating system called "AIX for Power," and the z/OS mainframe and i midrange server operating systems, both of which include implementations and/or runtime environments of the AIX operating system.

15.     Defendants deny the averments in paragraph 15 of the Complaint, except admit that Red Hat sells a Linux-based operating system called "Red Hat Enterprise Linux" ("RHEL") and that IBM owns Red Hat.

16.     Defendants deny the averments in paragraph 16 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 16 as they concern third parties, and admit that "Linux" is a name for operating systems derived from the "Linux kernel," originally written, at least in part, by Linus Torvalds.

17.     Defendants deny the averments in paragraph 17 of the Complaint, except admit that IBM has from time to time merged with, or acquired assets from, third parties and state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 17 as they concern Xinuos and its alleged product.

18.     Defendants deny the averments in paragraph 18 of the Complaint.

19.     Defendants deny the averments in paragraph 19 of the Complaint.

20.     Defendants deny the averments in paragraph 20 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 20 as they concern Xinuos and its alleged products.

21.     Defendants deny the averments in paragraph 21 of the Complaint and state that Plaintiff does not have the rights it purports to enforce.

## III.     THE PARTIES

22.     Defendants deny the averments in paragraph 22 of the Complaint, except admit that Xinuos is a corporation organized and existing under the laws of the U.S. Virgin Islands and otherwise state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 22 as they concern Xinuos.

23.     Defendants admit the averments in paragraph 23 of the Complaint.

24.     Defendants admit the averments in paragraph 24 of the Complaint.

## IV.     JURISDICTION AND VENUE

25.     Defendants state that the averments in paragraph 25 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants do not challenge whether the Court has jurisdiction under 28 U.S.C. § 1331 and refer to the referenced statutes for their contents.  Defendants further state that the Court entered summary judgment against Xinuos regarding its copyright claim.  That claim is no longer in the case and, therefore, Xinuos has no claim under the Copyright Act.

26.     Defendants state that the averments in paragraph 26 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants do not challenge whether the Court has supplemental subject matter jurisdiction under 28 U.S.C. § 1367, refer to the referenced statute for its contents and incorporate the response to paragraph 25.

27.     Defendants state that the averments in paragraph 27 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants do not challenge whether the Court has diversity jurisdiction under 28 U.S.C. § 1332 and refer to the referenced statute for its contents.

28.     Defendants state that the averments in paragraph 28 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 28 and deny that this case's appropriate venue is in the U.S. Virgin Islands.  The case has been properly transferred to New York.

29.     Defendants state that the averments in paragraph 29 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 29 and state that the case was properly transferred to New York.

30.     Defendants state that the averments in paragraph 30 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 30, except admit that IBM and Red Hat maintain property and conduct leases in the U.S. Virgin Islands and state that the case was properly transferred to New York.

31.     Defendants state that the averments in paragraph 31 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 31 and state that the case was properly transferred to New York.

32.     Defendants state that the averments in paragraph 32 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required,

Defendants deny the averments in paragraph 32, except admit that IBM has directed marketing of and/or has sold its AIX for Power, z/OS mainframe and i midrange server operating systems and Red Hat has directed marketing of and/or sold its RHEL operating system to U.S. Virgin Islands entities and state that the case was properly transferred to New York.

33.     Defendants deny the averments in paragraph 33 of the Complaint, except admit that IBM has directed and provided updates to AIX for Power customers in the U.S. Virgin Islands and state that the case was properly transferred to New York.

34.     Defendants deny the averments in paragraph 34 of the Complaint, except admit that IBM has directed sales activities and sold other products into the U.S. Virgin Islands and state that the case was properly transferred to New York.

35.     Defendants state that the averments in paragraph 35 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 35.

## V.     ALLEGED RELEVANT MARKET

36.     Defendants state that the averments in paragraph 36 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 36 of the Complaint, except admit that Red Hat offers RHEL and charges for annual subscriptions that include technical support, updates, security and intellectual property protection and IBM offers proprietary operating systems AIX, z/OS and IBM i, which are based on or which include Unix code.  Defendants state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 36 as they concern Xinuos and its alleged products.

37.     Defendants deny the averments in paragraph 37 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 37 as they concern the state of mind of third parties.

38.     Defendants state that the averments in paragraph 38 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 38.

39.     Defendants state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 39 of the Complaint.  To the extent a response is required, Defendants deny the averments in paragraph 39 of the Complaint.

40.     Defendants deny the averments in paragraph 40 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 40, including because they are general, vague and ambiguous and concern third persons of whom IBM and Red Hat lack personal knowledge.

41.     Defendants deny the averments in paragraph 41 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 41, including because they are general, vague and ambiguous and concern third persons of whom IBM and Red Hat lack personal knowledge.

### VI.     FACTUAL BACKGROUND

#### A.     Xinuos Allegedly Develops and Sells Server Operating Systems

42.     Defendants state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 42 of the Complaint.

43.     Defendants state that the averments in paragraph 43 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 43, except refer to the referenced copyright

registrations for their contents and state that Defendants lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 43 as they concern Xinuos and its alleged products.

44.     Defendants deny the averments in paragraph 44 of the Complaint.

45.     Defendants deny the averments in paragraph 45 of the Complaint, except state that Xinuos did not develop either UnixWare 7 or OpenServer 5 and 6 operating systems. Defendants otherwise state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 45 as they concern Xinuos and its alleged products.

46.     Defendants deny the averments in paragraph 46 of the Complaint, except admit the existence of Project Monterey, as to which Xinuos' claim has been dismissed and are no longer part of this case.

47.     Defendants deny the averments in paragraph 47 of the Complaint, except admit the existence of Project Monterey, as to which Xinuos' claim has been dismissed and are no longer part of this case.

48.     Defendants deny the averments in paragraph 48 of the Complaint, except admit the existence of Project Monterey, as to which Xinuos' claim has been dismissed and are no longer part of this case.

**B.      IBM Allegedly Pivots to a Service Centric Business Model**

49.     Defendants deny the averments in paragraph 49 of the Complaint.

50.     Defendants deny the averments in paragraph 50 of the Complaint.

51.     Defendants deny the averments in paragraph 51 of the Complaint, except admit that IBM's server hardware business generated profit through selling mainframes and related services and products, including consulting, software sales, service support, and maintenance fees and state that they lack knowledge and information sufficient to form a belief as to the truth

9

of the averments in paragraph 51 as they concern businesses other than IBM and Red Hat and the state of mind of third parties.

52.     Defendants deny the averments in paragraph 52 of the Complaint, except state that if any product fails to improve it would be at competitive risk.

53.     Defendants deny the averments in paragraph 53 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 53 as they concern third parties.

54.     Defendants deny the averments in paragraph 54 of the Complaint.

**C.     <u>IBM Allegedly Steals the Code</u>**

55.     Defendants state that the Court entered summary judgment against Xinuos regarding its copyright claim.  That claim is no longer in the case and, therefore, no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 55 of the Complaint, except admit the existence of Project Monterey, which was a joint development project started between IBM and Santa Cruz to develop and market a family of UNIX-like operating system products.

56.     Defendants state that the Court entered summary judgment against Xinuos regarding its copyright claim.  That claim is no longer in the case and, therefore, no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 56 of the Complaint and state that under Project Monterey's joint development agreement, both Santa Cruz and IBM agreed to provide resources and technology to create a compatible family of products, and each expressly granted the other a license to use code supplied during the project.

57.     Defendants state that the Court entered summary judgment against Xinuos regarding its copyright claim.  That claim is no longer in the case and, therefore, no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 57 of

the Complaint, except state that IBM exercised its rights under the joint development agreement to terminate the project on June 19, 2001, notifying Santa Cruz that it would not continue with Project Monterey.

### D.     IBM Allegedly Copies the Code into its Own Server Operating Systems

58.     Defendants state that the Court entered summary judgment against Xinuos regarding its copyright claim.  That claim is no longer in the case and, therefore, no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 58 of the Complaint, except state that, as Santa Cruz and IBM intended from the outset, IBM acquired rights to the code.

59.     Defendants state that the Court entered summary judgment against Xinuos regarding its copyright claim.  That claim is no longer in the case and, therefore, no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 59 of the Complaint.

60.     Defendants state that the Court entered summary judgment against Xinuos regarding its copyright claim.  That claim is no longer in the case and, therefore, no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 60 of the Complaint.

61.     Defendants state that the Court entered summary judgment against Xinuos regarding its copyright claim.  That claim is no longer in the case and, therefore, no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 61 of the Complaint.

62.     Defendants state that the Court entered summary judgment against Xinuos regarding its copyright claim.  That claim is no longer in the case and, therefore, no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 62.

63.     Defendants state that the Court entered summary judgment against Xinuos regarding its copyright claim.  That claim is no longer in the case and, therefore, no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 63 of the Complaint.

64.     Defendants state that the Court entered summary judgment against Xinuos regarding its copyright claim.  That claim is no longer in the case and, therefore, no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 64 of the Complaint.

65.     Defendants state that the Court entered summary judgment against Xinuos regarding its copyright claim.  That claim is no longer in the case and, therefore, no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 65 of the Complaint.

66.     Defendants state that the Court entered summary judgment against Xinuos regarding its copyright claim.  That claim is no longer in the case and, therefore, no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 66 of the Complaint.

67.     Defendants state that the Court entered summary judgment against Xinuos regarding its copyright claim.  That claim is no longer in the case and, therefore, no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 67 of the Complaint.

68.     Defendants state that the Court entered summary judgment against Xinuos regarding its copyright claim.  That claim is no longer in the case and, therefore, no response is

required.  To the extent a response is required, Defendants deny the averments in paragraph 68 of the Complaint.

69.     Defendants state that the Court entered summary judgment against Xinuos regarding its copyright claim.  That claim is no longer in the case and, therefore, no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 69 of the Complaint and state they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 69 as they concern Xinuos' beliefs.

70.     Defendants state that the Court entered summary judgment against Xinuos regarding its copyright claim.  That claim is no longer in the case and, therefore, no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 70 of the Complaint.

71.     Defendants state that the Court entered summary judgment against Xinuos regarding its copyright claim.  That claim is no longer in the case and, therefore, no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 71 of the Complaint.

72.     Defendants state that the Court entered summary judgment against Xinuos regarding its copyright claim.  That claim is no longer in the case and, therefore, no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 72 of the Complaint, except refer to the relevant securities filings for their contents.

73.     Defendants state that the Court entered summary judgment against Xinuos regarding its copyright claim.  That claim is no longer in the case and, therefore, no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 73 of the Complaint, except state that they lack knowledge and information sufficient to form a belief

as to the truth of the averments in paragraph 73 as they concern Xinuos' conduct and state of mind.

      **E.**      **IBM And Red Hat Allegedly Align to Dominate the Market**

74.      Defendants deny the averments in paragraph 74 of the Complaint.

75.      Defendants deny the averments in paragraph 75 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 75 as they concern third parties and Xinuos and its products and state that the business environment for IBM products is competitive.

76.      Defendants deny the averments in paragraph 76 of the Complaint.

77.      Defendants deny the averments in paragraph 77 of the Complaint.

78.      Defendants deny the averments in paragraph 78 of the Complaint, except admit that IBM owns Red Hat.

79.      Defendants deny the averments in paragraph 79 of the Complaint, except admit that after IBM acquired Red Hat, the companies worked together for the benefit of customers.

80.      Defendants deny the averments in paragraph 80 of the Complaint.

81.      Defendants deny the averments in paragraph 81 of the Complaint.

82.      Defendants deny the averments in paragraph 82 of the Complaint.

      **1.**      **IBM and Red Hat Allegedly Make An Agreement**

83.      Defendants deny the averments in paragraph 83 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 83 as they concern third parties and admit that customers became more open to Linux over time.

84.      Defendants deny the averments in paragraph 84 of the Complaint.

85.      Defendants deny the averments in paragraph 85 of the Complaint.

86.     Defendants deny the averments in paragraph 86 of the Complaint, except admit that Red Hat and IBM helped to develop Linux.

87.     Defendants deny the averments in paragraph 87 of the Complaint.

88.     Defendants deny the averments in paragraph 88 of the Complaint.

### 2.     IBM And Red Hat Allegedly Destroy Competition and Dominate the Market

89.     Defendants deny the averments in paragraph 89 of the Complaint.

#### a.     Allegedly Dividing the Market

90.     Defendants deny the averments in paragraph 90 of the Complaint, except refer to the referenced document for its contents and admit that IBM and Red Hat worked together to better meet customer needs, including by packaging certain products.

91.     Defendants deny the averments in paragraph 91 of the Complaint, except refer to the referenced documents for their contents.

92.     Defendants deny the averments in paragraph 92 of the Complaint, except refer to the referenced documents for their contents.

93.     Defendants deny the averments in paragraph 93 of the Complaint, except refer to the referenced documents for their contents.

94.     Defendants deny the averments in paragraph 94 of the Complaint.

95.     Defendants deny the averments in paragraph 95 of the Complaint, except admit that IBM offered rebates to some customers.

96.     Defendants deny the averments in paragraph 96 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 96 as they concern Xinuos and third parties, and admit that IBM offered

reimbursements to server business partners and, after IBM's acquisition of Red Hat, IBM provided courses on RHEL applications.

b.    **Alleged Unfair Preferential Treatment**

97.    Defendants deny the averments in paragraph 97 of the Complaint, except refer to the referenced documents for their contents.

98.    Defendants deny the averments in paragraph 98 of the Complaint.

99.    Defendants deny the averments in paragraph 99 of the Complaint, except admit that IBM, to offer customers a better service, extended RHEL capabilities on mainframes and midrange servers and that IBM continued to attract customers, including larger enterprises, because of its competitive offering and that RHEL applications had to be recompiled (as do all non-native applications).

100.    Defendants deny the averments in paragraph 100 of the Complaint, except admit that IBM encouraged Linux companies to port their code to IBM's mainframes.

101.    Defendants deny the averments in paragraph 101 of the Complaint.

102.    Defendants deny the averments in paragraph 102 of the Complaint, except admit that IBM and Red Hat worked to enable RHEL installations in larger enterprise data centers.

103.    Defendants deny the averments in paragraph 103 of the Complaint, except refer to the referenced documents for their contents.

c.    **Alleged Impact of the Anticompetitive Acts on the Market**

104.    Defendants deny the averments in paragraph 104 of the Complaint.

105.    Defendants deny the averments in paragraph 105 of the Complaint, except admit that AIX is running in top banks, telecommunications companies, retailers and insurers.

106.    Defendants deny the averments in paragraph 106 of the Complaint, except refer to the referenced document for its contents.

107.     Defendants deny the averments in paragraph 107 of the Complaint, except refer to the referenced documents for their contents and admit that the z/OS operating system is running on Fortune 500 companies, top retailers, banks, insurers, state and local governments and health insurance providers.

108.     Defendants deny the averments in paragraph 108 of the Complaint, except admit that installations of RHEL have grown, including among small and medium sized businesses.

109.     Defendants deny the averments in paragraph 109 of the Complaint, except refer to the referenced document for its contents and admit that IBM and Red Hat sought to attract small and medium enterprise customers through offering a competitive product.

110.     Defendants deny the averments in paragraph 110 of the Complaint, except refer to the referenced document for its contents.

111.     Defendants deny the averments in paragraph 111 of the Complaint, except refer to the referenced document for its contents and admit that IBM was competing vigorously to best meet the needs of its shareholders and customers.

112.     Defendants deny the averments in paragraph 112 of the Complaint, except refer to the referenced document for its contents and admit that IBM was competing vigorously to best meet the needs of its shareholders and customers.

113.     Defendants deny the averments in paragraph 113 of the Complaint, except refer to the referenced documents for their contents.

114.     Defendants deny the averments in paragraph 114 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments as to alleged  and its products.

115.     Defendants deny the averments in paragraph 115 of the Complaint, except refer to the referenced documents for their contents.

116.     Defendants deny the averments in paragraph 116 of the Complaint.

117.     Defendants deny the averments in paragraph 117 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments as to Xinuos' beliefs.

d.     <strong><u>Alleged Impact on the Open Source Community and Competitors</u></strong>

118.     Defendants deny the averments in paragraph 118 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 118 as they concern third parties and their products.

119.     Defendants deny the averments in paragraph 119 of the Complaint, except refer to the referenced document for its contents and admit that IBM was competing vigorously to best meet the needs of its shareholders and customers.

120.     Defendants deny the averments in paragraph 120 of the Complaint and refer to the referenced document for its contents.

121.     Defendants deny the averments in paragraph 121 of the Complaint.

122.     Defendants deny the averments in paragraph 122 of the Complaint, except refer to the referenced agreement for its contents and admit that IBM was competing vigorously to best meet the needs of its shareholders and customers.

123.     Defendants deny the averments in paragraph 123 of the Complaint, except state that IBM did not view Xinuos as a reliable party to recommend to IBM's customers.

124.     Defendants deny the averments in paragraph 124 of the Complaint, except state that IBM did not view Xinuos as a reliable party to recommend to IBM's customers.

125.    Defendants deny the averments in paragraph 125 of the Complaint, except refer to the referenced documents for their contents and state that IBM did not view Xinuos as a reliable party to recommend to IBM's customers.

126.    Defendants deny the averments in paragraph 126 of the Complaint, except refer to the referenced documents for their contents and state that IBM did not view Xinuos as a reliable party to recommend to IBM's customers.

127.    Defendants deny the averments in paragraph 127 of the Complaint, except state that IBM did not view Xinuos as a reliable party to recommend to IBM's customers.

128.    Defendants deny the averments in paragraph 128 of the Complaint, except refer to the referenced presentation for its contents.

129.    Defendants deny the averments in paragraph 129 of the Complaint, except refer to the referenced documents for their contents.

130.    Defendants deny the averments in paragraph 130 of the Complaint, except refer to the referenced documents for their contents.

131.    Defendants deny the averments in paragraph 131 of the Complaint, except refer to the referenced presentation for its contents.

132.    Defendants deny the averments in paragraph 132 of the Complaint, except admit that a virtualized cloud environment can afford flexibility in operating system deployment.

133.    Defendants deny the averments in paragraph 133 of the Complaint, except states that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 133 as they concern third parties.

134.    Defendants deny the averments in paragraph 134 of the Complaint.

135.    Defendants deny the averments in paragraph 135 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 135 as they concern the state of mind of third parties.

136.    Defendants deny the averments in paragraph 136 of the Complaint, except admit that IBM and Red Hat have achieved some success in the marketplace.

137.    Defendants deny the averments in paragraph 137 of the Complaint.

### 3.      IBM And Red Hat Allegedly Abuse Their Seat of Market Power

#### a.      Alleged Harm to Market Competition

138.    Defendants deny the averments in paragraph 138 of the Complaint, except admit that Xinuos and its products have performed poorly in a competitive market.

139.    Defendants deny the averments in paragraph 139 of the Complaint.

140.    Defendants deny the averments in paragraph 140 of the Complaint.

141.    Defendants deny the averments in paragraph 141 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 141 as they concern third parties and their products.

142.    Defendants deny the averments in paragraph 142 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 142 as they concern third parties and their products.

143.    Defendants deny the averments in paragraph 143 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 143 as they concern third parties and their products and that software development can be characterized by economies of scale and the fixed costs of producing applications can be high.

144.    Defendants deny the averments in paragraph 144 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 144 as they concern third parties and their products.

145.    Defendants deny the averments in paragraph 145 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 145 as they concern Xinuos and its alleged products.

146.    Defendants deny the averments in paragraph 146 of the Complaint, except refer to the referenced agreement for its contents and state they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 146 as they concern Xinuos and its conduct.

147.    Defendants deny the averments in paragraph 147 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 147 as they concern Xinuos and its alleged products.

148.    Defendants state that the Court entered summary judgment against Xinuos regarding its copyright claim.  That claim is no longer in the case and, therefore, no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 148 of the Complaint.

149.    Defendants deny the averments in paragraph 149 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 149 as they concern third parties and their conduct.

**b.    Alleged Harm to Market Customers**

150.    Defendants deny the averments in paragraph 150 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 150 as they concern third parties and their conduct.

151.    Defendants state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 151 of the Complaint.  To the extent a response is required, Defendants deny the averments in paragraph 151, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 151 as they concern third parties and their conduct.

152.    Defendants state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 152 of the Complaint.  To the extent a response is required, Defendants deny the averments in paragraph 152.

153.    Defendants deny the averments in paragraph 153 of the Complaint.

### c.     Alleged Present Conditions

154.    Defendants deny the averments in paragraph 154 of the Complaint.

155.    Defendants deny the averments in paragraph 155 of the Complaint.

156.    Defendants deny the averments in paragraph 156 of the Complaint.

157.    Defendants deny the averments in paragraph 157 of the Complaint, except refer to the referenced document for its contents.

158.    Defendants deny the averments in paragraph 158 of the Complaint, except admit that aid from developer, hardware manufacturer and partner communities can be helpful growing a business.

159.    Defendants deny the averments in paragraph 159 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 159 as they concern Xinuos and its alleged products.

160.    Defendants deny the averments in paragraph 160 of the Complaint.

161.    Defendants deny the averments in paragraph 161 of the Complaint.

162.    Defendants deny the averments in paragraph 162 of the Complaint.

163.     Defendants deny the averments in paragraph 163 of the Complaint.

164.     Defendants deny the averments in paragraph 164 of the Complaint.

165.     Defendants deny the averments in paragraph 165 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 165 as they concern third parties and their products.

166.     Defendants deny the averments in paragraph 166 of the Complaint, except admit that IBM has periodically increased the prices of its products based on market conditions.

167.     Defendants deny the averments in paragraph 167 of the Complaint, except admit that IBM has periodically increased the prices of its products based on market conditions.

168.     Defendants deny the averments in paragraph 168 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 168 as they concern third parties and their products.

169.     Defendants deny the averments in paragraph 169 of the Complaint.

170.     Defendants state that the averments in paragraph 170 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 170.

### 4.     Defendants' Alleged Enablement Of Bad Acts

171.     Defendants deny the averments in paragraph 171 of the Complaint.

172.     Defendants deny the averments in paragraph 172 of the Complaint.

173.     Defendants deny the averments in paragraph 173 of the Complaint.

174.     Defendants deny the averments in paragraph 174 of the Complaint.

## CLAIMS FOR RELIEF

### COUNT I (IBM only)

### Alleged Copyright Infringement (17 U.S.C. § 101 *et seq.*)

175.    Defendants state that the Court entered summary judgment against Xinuos regarding its copyright claim.  That claim is no longer in the case and, therefore, no response is required.  Defendants hereby incorporate their responses to each and every allegation above and deny any and all allegations of wrongdoing.

176.    Defendants state that the Court entered summary judgment against Xinuos regarding its copyright claim.  That claim is no longer in the case and, therefore, no response is required.  A response is also not required because the averments in paragraph 176 of the Complaint purport to state a legal conclusion.  To the extent a response is required, Defendants deny the averments in paragraph 176, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in general without more particularity as to the code in question.

177.    Defendants state that the Court entered summary judgment against Xinuos regarding its copyright claim.  That claim is no longer in the case and, therefore, no response is required.  A response is also not required because the averments in paragraph 177 of the Complaint purport to state a legal conclusion. To the extent a response is required, Defendants deny the averments in paragraph 177, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments as they concern third parties.

178.    Defendants state that the Court entered summary judgment against Xinuos regarding its copyright claim.  That claim is no longer in the case and, therefore, no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 178 of the Complaint.

179.     Defendants state that the Court entered summary judgment against Xinuos regarding its copyright claim.  That claim is no longer in the case and, therefore, no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 179 of the Complaint.

180.     Defendants state that the Court entered summary judgment against Xinuos regarding its copyright claim.  That claim is no longer in the case and, therefore, no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 180 of the Complaint.

181.     Defendants state that the Court entered summary judgment against Xinuos regarding its copyright claim.  That claim is no longer in the case and, therefore, no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to any relief.

182.     Defendants state that the Court entered summary judgment against Xinuos regarding its copyright claim.  That claim is no longer in the case and, therefore, no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 182 of the Complaint and deny that Plaintiffs are entitled to any relief.

183.     Defendants state that the Court entered summary judgment against Xinuos regarding its copyright claim.  That claim is no longer in the case and, therefore, no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to any relief.

## <u>COUNT II</u>

### <u>Sherman Act §§ 2, 3 (15 U.S.C. §§ 2, 3)</u>

184.     Defendants hereby incorporate their responses to each and every allegation above and deny any and all allegations of wrongdoing.

185.    Defendants deny the averments in paragraph 185 of the Complaint.

186.    Defendants deny the averments in paragraph 186 of the Complaint.

187.    Defendants state that the averments in paragraph 187 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 187.

188.    Defendants deny the averments in paragraph 188 of the Complaint.

189.    Defendants deny the averments in paragraph 189 of the Complaint.

190.    Defendants deny the averments in paragraph 190 of the Complaint, except admit that they involve interstate commerce.

191.    Defendants deny the averments in paragraph 191 of the Complaint.

192.    Defendants deny the averments in paragraph 192 of the Complaint.

193.    Defendants deny that Plaintiffs are entitled to any relief.

## COUNT III

### Sherman Act §§ 1, 3 (15 U.S.C. §§ 1, 3)

194.    Defendants hereby incorporate their responses to each and every allegation above and deny any and all allegations of wrongdoing.

195.    Defendants deny the averments in paragraph 195 of the Complaint.

196.    Defendants deny the averments in paragraph 196 of the Complaint.

197.    Defendants state that the averments in paragraph 197 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 197.

198.    Defendants deny the averments in paragraph 198 of the Complaint.

199.    Defendants deny the averments in paragraph 199 of the Complaint, except admit that they involve interstate commerce.

200.     Defendants deny the averments in paragraph 200 of the Complaint.

201.     Defendants deny the averments in paragraph 201 of the Complaint.

202.     Defendants deny that Plaintiffs are entitled to any relief.

## COUNT IV

### Clayton Act § 7 (15 U.S.C. § 18)

203.     Defendants hereby incorporate their responses to each and every allegation above and deny any and all allegations of wrongdoing.

204.     Defendants deny the averments in paragraph 204 of the Complaint.

205.     Defendants state that the averments in paragraph 205 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 205.

206.     Defendants deny the averments in paragraph 206 of the Complaint.

207.     Defendants deny the averments in paragraph 207 of the Complaint.

208.     Defendants deny the averments in paragraph 208 of the Complaint.

209.     Defendants deny that Plaintiffs are entitled to any relief.

## COUNT V

### Virgin Islands Antimonopoly Law (11 V.I. St. § 1501 *et seq.*)

210.     Defendants hereby incorporate their responses to each and every allegation above and deny any and all allegations of wrongdoing.

211.     Defendants deny the averments in paragraph 211 of the Complaint.

212.     Defendants deny the averments in paragraph 212 of the Complaint.

213.     Defendants deny the averments in paragraph 213 of the Complaint.

214.     Defendants deny the averments in paragraph 214 of the Complaint.

215.     Defendants deny that Plaintiffs are entitled to any relief.

## <u>COUNT VI</u>

### **Virgin Islands Common Law – Unfair Competition**

216.    Defendants state that the Court entered summary judgment against Xinuos regarding its unfair competition claim.  That claim is no longer in the case and, therefore, no response is required.  Defendants hereby incorporate their responses to each and every allegation above and deny any and all allegations of wrongdoing.

217.    Defendants state that the Court entered summary judgment against Xinuos regarding its unfair competition claim.  That claim is no longer in the case and, therefore, no response is required.  To the extent a response is required, Defendants state that the averments in paragraph 217 of the Complaint purport to state a legal conclusion and do not require a response. To the extent a response is required, Defendants deny the averments in paragraph 217.

218.    Defendants state that the Court entered summary judgment against Xinuos regarding its unfair competition claim.  That claim is no longer in the case and, therefore, no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 218 of the Complaint.

219.    Defendants state that the Court entered summary judgment against Xinuos regarding its unfair competition claim.  That claim is no longer in the case and, therefore, no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 219 of the Complaint.

220.    Defendants state that the Court entered summary judgment against Xinuos regarding its unfair competition claim.  That claim is no longer in the case and, therefore, no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 220 of the Complaint.

221.    Defendants state that the Court entered summary judgment against Xinuos regarding its unfair competition claim.  That claim is no longer in the case and, therefore, no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 221 of the Complaint.

222.    Defendants state that the Court entered summary judgment against Xinuos regarding its unfair competition claim.  That claim is no longer in the case and, therefore, no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 222 of the Complaint.

223.    Defendants state that the Court entered summary judgment against Xinuos regarding its unfair competition claim.  That claim is no longer in the case and, therefore, no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 223 of the Complaint.

224.    Defendants state that the Court entered summary judgment against Xinuos regarding its unfair competition claim.  That claim is no longer in the case and, therefore, no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to any relief.

## COUNT VII

### Virgin Islands Common Law – Unjust Enrichment

225.    Defendants state that the Court entered summary judgment against Xinuos regarding its unjust enrichment claim.  That claim is no longer in the case and, therefore, no response is required.  Defendants hereby incorporate their responses to each and every allegation above and deny any and all allegations of wrongdoing.

226.    Defendants state that the Court entered summary judgment against Xinuos regarding its unjust enrichment claim.  That claim is no longer in the case and, therefore, no

response is required.  To the extent a response is required, Defendants deny the averments in paragraph 226 of the Complaint.

227.    Defendants state that the Court entered summary judgment against Xinuos regarding its unjust enrichment claim.  That claim is no longer in the case and, therefore, no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 227 of the Complaint.

228.    Defendants state that the Court entered summary judgment against Xinuos regarding its unjust enrichment claim.  That claim is no longer in the case and, therefore, no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 228 of the Complaint.

229.    Defendants state that the Court entered summary judgment against Xinuos regarding its unjust enrichment claim.  That claim is no longer in the case and, therefore, no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to any relief.

## DEMAND FOR TRIAL BY JURY

Defendants demand trial by jury of all issues so triable under the law.

## PRAYER FOR RELIEF

Defendants deny each and every averment set forth in Plaintiffs' Prayer for Relief and each and every averment contained in the Complaint which is not specifically admitted herein.  Defendants further deny that Plaintiffs are entitled to the relief requested, or to any other relief.

## DEFENSES

Defendants assert the following affirmative defenses.  In asserting these defenses, Defendants do not assume the burden of proof with respect to any issue as to which applicable law places the burden of proof upon Plaintiff.

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Plaintiff has failed to allege an actual, cognizable antitrust injury.

### Third Defense

Plaintiff's claims are barred, in whole or in part, by Plaintiff's lack of standing to prosecute the claims.

### Fourth Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### Fifth Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches and estoppel.

### Sixth Defense

Plaintiff's claims are barred, in whole or in part, by a failure to mitigate damages.

### Seventh Defense

Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

### Eighth Defense

Defendants' conduct has independent and legitimate business justifications.

### Ninth Defense

Defendants have not lessened competition in a relevant market.

31

<u>Tenth Defense</u>

Defendants have ownership interests in the code at issue, including the Project Monterey code.

<u>Defenses Reserved</u>

Defendants reserve the right to assert other defenses that discovery indicates may be appropriate as this action proceeds.  Defendants also reserve the right to amend or seek to amend its answer or defenses.  Defendants hereby gives notice that they intend to rely upon any other defenses that may become available or apparent during discovery in this case.

Dated:    February 21, 2024
            New York, New York

Respectfully submitted,

*/s/ David R. Marriott*

**CRAVATH, SWAINE & MOORE LLP**
David R. Marriott
Michael J. Zaken
    Worldwide Plaza
        825 Eighth Avenue
            New York, New York 10019
                (212) 474-1000
                    dmarriott@cravath.com
                    mzaken@cravath.com

*Attorneys for Defendants International*
*Business Machines Corp. and Red Hat, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

It is hereby certified that on this 21st day of February, 2024, I caused the

foregoing ANSWER to be filed electronically with the Clerk of Court via the Court's CM/ECF

system.  Counsel for all parties in this case are registered CM/ECF users and will be served by

the CM/ECF system.


<u>/s/ *David R. Marriott*</u>
David R. Marriott