UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| XINUOS, INC., <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORP. and RED HAT, INC., <br><br> Defendants. | CASE NO. 7:22-cv-09777-CS-VR |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF XINUOS'S MOTION FOR RECONSIDERATION OF THE COURT'S BENCH RULING GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S COPYRIGHT CLAIM**

**Table of Contents**

PRELIMINARY STATEMENT ....................................................................................................1

ARGUMENT ...................................................................................................................................2

I.    Defendants Failed to Refute Xinuos's Showing that the Court Erred in Characterizing Xinuos's Copyright Infringement Claim as an Ownership Dispute ..................................2

    A.    Defendants Cannot Disclaim Their Prior Contention that Xinuos's Copyright Claims Reflect a License Dispute ............................................................................2

    B.    The Relevant Caselaw Confirms that a License Dispute Is an Infringement Issue, Not One of Ownership ................................................................................3

    C.    Defendants Now Raise Other "Ownership" Issues, But Only One Matters and It Bears on the Elements of Infringement .........................................................6

    D.    Defendants' New Ownership Arguments Are Improper ......................................8

II.    Defendants' Alleged "Independent Reasons" Supporting Summary Judgment Should Be Rejected..............................................................................................................8

III.    Xinuos Has Met the Standard for Reconsideration.............................................................9

CONCLUSION................................................................................................................................10

## Table of Authorities

**Cases**

*Chen v. Hunan Manor Enter., Inc.*,
   2023 WL 8434700 (S.D.N.Y. Dec. 5, 2023) ................................................................................9

*Complex Sys., Inc. v. ABN Ambro Bank N.V.*,
   979 F. Supp. 2d 456 (S.D.N.Y. 2013)..........................................................................................5

*Cruz v. Barnhart*,
   2006 WL 547681 (S.D.N.Y. Mar. 7, 2006) .................................................................................9

*Davis v. Blige*,
   505 F.3d 90 (2d Cir. 2007)......................................................................................................5, 7

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
   43 F. Supp. 3d 369 (S.D.N.Y. 2014)............................................................................................9

*Fioranelli v. CBS Broad. Inc.*,
   232 F. Supp. 3d 531 (S.D.N.Y. 2017)..........................................................................................3

*Flo & Eddie, Inc. v. Sirius XM Radio Inc.*,
   80 F. Supp. 3d 535 (S.D.N.Y. 2015)...............................................................................3, 4, 6, 8

*Gordon v. Kaleida Health*,
   2009 WL 4042929 (W.D.N.Y. Nov. 19, 2009) ...........................................................................9

*Latin Am. Music Co., Inc. v. Spanish Broad. Sys., Inc.*,
   232 F. Supp. 3d 384 (S.D.N.Y. 2017)..........................................................................................4

*Lowinger v. Morgan Stanley & Co. LLC*,
   841 F.3d 122 (2d Cir. 2016).........................................................................................................9

*Martinez v. Agway Energy Servs., LLC*,
   2022 WL 1091607 (N.D.N.Y. Apr. 12, 2022), aff'd, 88 F.4th 401 (2d Cir.
   2023) ............................................................................................................................................9

*Orthodox Jewish Coal. of Chestnut Ridge v. Vill. of Chestnut Ridge, New York*,
   2021 WL 3605041 (S.D.N.Y. Aug. 13, 2021)..........................................................................7, 9

*PK Music Performance, Inc. v. Timberlake*,
   2018 WL 4759737 (S.D.N.Y. Sept. 30, 2018).............................................................................5

*Roberts v. BroadwayHD LLC*,
   2022 WL 976872 (S.D.N.Y. Mar. 31, 2022) ...........................................................................3, 8

*Roberts v. BroadwayHD LLC*,
    518 F. Supp. 3d 719 (S.D.N.Y. 2021) ................................................................................... 3

*Seven Arts Filmed Ent. Ltd. v. Content Media Corp. PLC*,
    733 F.3d 1251 (9th Cir. 2013) ............................................................................................... 4

*Sohm v. Scholastic Inc.*,
    959 F.3d 39 (2d Cir. 2020) ................................................................................................ 3, 8

*Spinelli v. Nat'l Football League*,
    903 F.3d 185 (2d Cir. 2018) ................................................................................................... 3

*Universal Instruments Corp. v. Micro Sys. Eng'g, Inc.*,
    924 F.3d 32 (2d Cir. 2019) ..................................................................................................... 3

*Waite v. UMG Recordings, Inc.*,
    450 F. Supp. 3d 430 (S.D.N.Y. 2020) ............................................................................ 4, 8, 9

*Walker v. Carter*,
    210 F. Supp. 3d 487 (S.D.N.Y. 2016) .................................................................................4, 5

*Webster v. Dean Guitars*,
    955 F.3d 1270 (11th Cir. 2020) .............................................................................................. 4

*White v. New Hampshire Dep't of Emp't. Sec.*,
    455 U.S. 445 (1982) ............................................................................................................... 9

**<u>Statutes</u>**

17 U.S.C. § 106 .............................................................................................................................. 6

Plaintiff Xinuos, Inc. ("Xinuos") respectfully submits this reply memorandum in support of its motion for Reconsideration of the Court's bench ruling of January 22, 2024, granting the Motion for Partial Summary Judgment on Plaintiff's Copyright Claim (ECF 121) filed by Defendants International Business Machines Corp. ("IBM") and Red Hat, Inc. ("Red Hat") (collectively, "Defendants").

## PRELIMINARY STATEMENT

This case is a dispute about copyright infringement, not ownership. Xinuos alleges that IBM has used, and continues to use, source code that belongs to Xinuos ("the Code"), and has done so without authorization. (*See* ECF 1 ("Compl.") ¶¶ 55-70.) In its summary judgment decision, the Court acknowledged that "ownership is not precisely what is at issue here, but rather the question is whether [D]efendant obtained a license that gave it the right to use the [C]ode." (1/22/24 Hearing Tr. ("Tr.") at 30:15-17.) However, the Court erred when it went on to hold "that the analysis ought to be the same." (*Id.* at 30:18.) A dispute over whether allegedly infringing activity was authorized by a license is about infringement, not ownership. Neither the Court nor Defendants cite any authority in any jurisdiction holding otherwise.

Rather than defend the grounds on which this Court ruled, Defendants' opposition seeks to recast it and then offers entirely new theories for why Xinuos's copyright infringement claims purportedly raise an ownership dispute. For example, Defendants now contend—without any support—that this case is about ownership because Xinuos is supposedly challenging *IBM's ownership* of the infringing operating systems that improperly incorporate Xinuos's copyrighted Code. *See* ECF 147 (Defs.' Mem. in Opp'n to Mot. for Reconsideration ("Opp'n") at 8.) But Defendants cannot disclaim what they argued in support of their summary judgment motion, namely, that this is a dispute over the scope of a license. And that is a classic infringement issue.

Respectfully, the Court erred when it found that Xinuos's copyright infringement claim was a time-barred ownership dispute.

## ARGUMENT

**I. Defendants Failed to Refute Xinuos's Showing that the Court Erred in Characterizing Xinuos's Copyright Infringement Claim as an Ownership Dispute**

Defendants' opposition to the present motion depends on convincing the Court that this case involves a series of disputed ownership claims, but Defendants cannot credibly argue that this case concerns the only ownership dispute that is relevant to the Court's bench ruling; namely, ownership of the post-1995 copyrighted Code that IBM continued to incorporate in its infringing operating systems long after SCO sold that Code to Xinuos. Xinuos's claim is that IBM infringed Xinuos's copyrights "by, *inter alia*, reproducing, distributing and creating a derivative work using the Code without any authorization or other permission from Xinuos." (Compl. ¶ 178.) That is a claim for infringement.

**A. Defendants Cannot Disclaim Their Prior Contention that Xinuos's Copyright Claims Reflect a License Dispute**

Contrary to the Court's bench ruling, Defendants have not argued that Xinuos does not own the asserted copyrights. (*See* Opp'n at 7; *see also* ECF 122 (Defs.' Mem. in Supp. Sum. J. ("Defs.' MSJ")) at 16 and 16, n.5).[1] Nor do Defendants argue that Xinuos does not own the underlying Code that it purchased from SCO. (*See* ECF 130 (Defs.' Reply in Supp. Mot. Sum. J. ("Defs.' MSJ Reply")) at 4.) Defendants instead clearly and unequivocally argued only that IBM's use of the Code was authorized under a license that IBM claims it received during Project Monterey: "[t]he only dispute is whether IBM obtained a license to the [C]ode or used it without

---

[1] As discussed in Xinuos's Mem. in Supp. of its Mot. for Reconsideration ("Pl.'s' Mot.") at 6, n.1, Defendants cited two ownership/infringement cases, but in support of a different proposition.

permission." (Defs.' MSJ at 15; *see also* id. at 2-4, 12 (arguing that IBM's use of the Code was covered by a license.)) Indeed, in trying to show that Xinuos's claims were resolved in the prior litigation between SCO and IBM, Defendants argued that "SCO incorporated its copyright allegations into its unfair competition claim, and the parties actively litigated the principal copyright issue, *i.e.*, *whether IBM stole the Monterey Code or had a license to it (the very issue that Xinuos seeks to litigate here)*." (*id.* at 3 (emphasis added).) Having argued and then prevailed on this theory, Defendants cannot now disclaim it on reconsideration.

> **B.     The Relevant Caselaw Confirms that a License Dispute Is an Infringement Issue, Not One of Ownership**

A dispute over whether copying was authorized by a license is an infringement dispute. *See Sohm v. Scholastic Inc.*, 959 F.3d 39, 46 (2d Cir. 2020) ("[I]f a license is limited in scope and the licensee acts outside the scope, the licensor can bring an action for copyright infringement.") (cleaned up); *Spinelli v. Nat'l Football League*, 903 F.3d 185, 202 (2d Cir. 2018); *Fioranelli v. CBS Broad. Inc.*, 232 F. Supp. 3d 531, 537-38 (S.D.N.Y. 2017); *see also, e.g.*, *Flo & Eddie, Inc. v. Sirius XM Radio Inc.*, 80 F. Supp. 3d 535, 542-43 (S.D.N.Y. 2015) (finding that a dispute over licensing was an infringement, not ownership, issue). Defendants failed to cite a single case characterizing a license dispute as an ownership dispute, whether in the context of an ownership/infringement analysis or otherwise.[2] Indeed, disputes over the scope of a license can even preempt contract claims based on the license, because they necessarily seek

---

[2] The closest Defendants come is their citation to *Roberts v. BroadwayHD LLC*, 518 F. Supp. 3d 719, 730 (S.D.N.Y. 2021) ("*Roberts I*"). But the comparison between that case and the later decision, *Roberts v. BroadwayHD LLC*, 2022 WL 976872, at *9 (S.D.N.Y. Mar. 31, 2022) ("*Roberts II*") is instructive. In *Roberts I*, the crux of the dispute was a co-author's ownership interest. 518 F. Supp. 3d at 731. In *Roberts II*, the plaintiff had amended his complaint to clarify that the dispute was about the scope of the license the defendants had received, which the Court found was an infringement claim, not an ownership claim. 2022 WL 976872, at *9.

to vindicate the rights protected by the Copyright Act.  *See, e.g.*, *Universal Instruments Corp. v. Micro Sys. Eng'g, Inc.*, 924 F.3d 32, 49 (2d Cir. 2019).  Here, Xinuos's copyright claims are about the nature, scope, and extent of IBM's copying, not ownership of the copyrighted material.

The fact that Defendants are not claiming that IBM, and not Xinuos, owns the Code distinguishes almost all of Defendants' authority.  "In the archetypal [ownership-infringement divide] case, 'the lawsuit is between two parties who claim ownership of the copyrights ... and one party's claim of infringement is entirely a function of whether the other party is the sole owner of the disputed copyrights.'"  *Waite v. UMG Recordings, Inc.*, 450 F. Supp. 3d 430, 437 (S.D.N.Y. 2020) (cleaned up); *see also Flo & Eddie*, 80 F. Supp. 3d at 542-43 ("In copyright ownership cases, the lawsuit is between two parties who claim ownership of the copyrights … and one party's claim of infringement is entirely a function of whether the other party is the sole owner of the disputed copyrights.").  That is not the case here.

In an effort to compensate for its inability to find relevant caselaw that supports its argument, Defendants seek to change the subject.  Defendants argue that under *Walker v. Carter*, 210 F. Supp. 3d 487, 505 (S.D.N.Y. 2016), a copyright dispute can be considered an ownership dispute even if the defendant does not assert an ownership interest on its own behalf.  (Opp'n at 12-13.)  That may be true, but it's also irrelevant.

A case *could* be about ownership, rather than infringement, without a defendant who claims ownership over a copyright, if the plaintiff were "seeking a declaration of sole ownership," or its ownership of the asserted copyrights was otherwise in question.  *Walker*, 210 F. Supp. 3d at 507 (cleaned up).[3]  But here, where the issue raised by Defendants is the scope of

---

[3] The other cases cited by IBM all address questions of ownership alone, without any dispute over licensing or copying. *See Webster v. Dean Guitars*, 955 F.3d 1270, 1276 (11th Cir.

- 4 -

a license IBM claims to have received, there cannot be a dispute over ownership. *See Davis v. Blige*, 505 F.3d 90, 101 (2d Cir. 2007) ("A non-exclusive license conveys no ownership interest …") Nor is *Walker* the final word on this issue. Other cases hold that only a party asserting its own ownership interest can rely on the ownership/infringement distinction: "[t]he law is clear that a party accused of infringement cannot defeat that claim by pointing to rights that another may have to the work in question." *Complex Sys., Inc. v. ABN Ambro Bank N.V.*, 979 F. Supp. 2d 456, 475 (S.D.N.Y. 2013); *see also PK Music Performance, Inc. v. Timberlake*, 2018 WL 4759737, at *6 (S.D.N.Y. Sept. 30, 2018).

Defendants also mischaracterize the Court's analysis of the *Walker* factors, arguing that the Court found factor three (*i.e.*, whether plaintiff alleges anything specific about the means of infringement) unimportant because there is no dispute that the Code is used in IBM's products. (*See* Opp'n at 15.) But that is not what the Court held. Instead, the Court held that there was no dispute about the fact that IBM took the Code, (Tr. at 31:20-24), and that the extent of IBM's permission to use the Code was the heart of the dispute. (*Id.* at 31:11-13.) Far from finding factor three irrelevant, the Court erroneously found that factor three weighed in favor of an ownership dispute based on an incorrect determination that the Complaint did not contain specific allegations about infringement.[4] (*See* Pl.'s Mot. at 11.)

---

2020) (instructing that a dispute is an ownership rather than infringement dispute when a defendant does not contest copying and does not assert a license, but only argues that the plaintiff does not own the copyrights); *Latin Am. Music Co., Inc. v. Spanish Broad. Sys., Inc.*, 232 F. Supp. 3d 384, 390 (S.D.N.Y. 2017), aff'd, 738 F. App'x 722 (2d Cir. 2018) (observing that if an "infringement claim cannot be decided without adjudication of a genuine dispute as to the plaintiff's ownership of the copyright," the statute of limitations for ownership disputes applies); and *Seven Arts Filmed Ent. Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254-55 (9th Cir. 2013) (explaining that if ownership, rather than copying, is "the dispositive issue," then the shorter statute of limitation applies).

[4] That there has not been more focus on the nature, extent, and scope of copying reflects

To be sure, Xinuos ultimately must prove that it owns the copyrights at issue in this case, but that is simply because ownership of a copyright is an element of an infringement claim. Having to prove ownership as an element of its claim, however, does not "transform this case from an 'infringement' case into an 'ownership' case … A party alleging copyright infringement always has to prove that he owns the copyright he is asserting, it is an element of his claim!" *Flo & Eddie*, 80 F. Supp. 3d at 543.

### C. Defendants Now Raise Other "Ownership" Issues, But Only One Matters and It Bears on the Elements of Infringement

In their opposition, Defendants contends that "IBM has asserted ownership rights regarding the Code for more than two decades," but the examples it identifies are "the right to use the Code" and "the various works, including numerous iterations of the AIX operating system, that it created (using the Monterey Code) as allegedly impermissible derivative works." (*See* Opp'n at 7-8.)  Those examples, however, are just another way of describing the rights that SCO allegedly licensed to IBM during Project Monterey.

Equally unavailing is Defendants' contention that the Court held that the copyright claim accrued while it was still owned by SCO and was released by SCO. (Opp'n at 1.) That contention is simply wrong. The Court did not find that SCO released claims for infringement that took place after SCO sold its copyrights (nor could SCO legally have done so). (*See* Tr. at 27:7-14.) Instead, the Court found that Xinuos's claim was actually about ownership of the Code, and thus accrued when the copyright holder had reason to know of the injury. (*See id.* at 28:1-12.) The Court went on to hold that "the question is whether [D]efendant obtained a license

---

the procedural posture of this case: Defendants moved for summary judgment before they answered the Complaint, so those issues have not been litigated yet. Notably, in their Answer, served on February 21, 2024, Defendants deny infringement. (*See* ECF 148 ("Answer") ¶¶ 58, 60.)

- 6 -

that gave it the right to use the [C]ode," and concluded that the analysis of that question would be the same as the question of ownership. (*id.* at 30:13-21.) Respectfully, this was the decision that was in error, and is the decision that Defendants should be trying to defend.[5] The fact that they are not is telling.

Having recast the Court's decision, Defendants then seek to mischaracterize Xinuos's argument. Defendants argue that because Xinuos claimed that IBM had no right to use the Code, Xinuos must be contesting IBM's ownership over its own infringing operating systems. (*See* Opp'n at 8.) But that does not follow. Xinuos has never claimed that IBM does not own its own operating system products; rather, Xinuos has claimed that IBM had no right to copy *Xinuos's Code* into those products. That is a classic infringement claim, not an ownership dispute.[6]

The transparent reason for Defendants' mischaracterizations is to pivot away from the position they held throughout this case, which is that the core of the dispute is whether IBM had a license to use the post-1995 Code, particularly after SCO sold that Code to Xinuos. (*See* Defs.' MSJ at 15.) And the reason Defendants now want to pivot away from that position is that the law is clear: a license does not convey any ownership interest to the licensee (except perhaps in the limited case of an exclusive license, which is not at issue here), and thus a license dispute is not an ownership dispute. *Davis*, 505 F.3d at 101.

---

[5] Defendants also argue that the Court was correct because it identified the "crux of the dispute" as "whether [D]efendants has had rights to the [C]ode." (Opp'n at 5.) But that assertion proves too much and too little. A "right" to the Code would include a license, which as noted above, is a question of infringement, not ownership. *See, e.g.*, 17 U.S.C. § 106 (listing the "exclusive rights in copyrighted works.")

[6] Defendants also discuss the ownership dispute between SCO and Novell over the pre-1995 code, (*see* Opp'n at 8-9,) but that code is not at issue in this case. The argument is thus irrelevant to the issue before the Court.

### D. Defendants' New Ownership Arguments Are Improper

Defendants now reverse course and argue—for the first time in their Opposition to the Motion for Reconsideration—that this case is not about IBM's purported license to use the Code, but is instead about ownership of the Code. These arguments should be rejected on both procedural and substantive grounds.

First, these arguments are procedurally improper. Defendants are not permitted to raise new theories in opposing a motion for reconsideration. *Orthodox Jewish Coal. of Chestnut Ridge v. Vill. of Chestnut Ridge, New York*, 2021 WL 3605041, at *3 (S.D.N.Y. Aug. 13, 2021). Even when courts decide motions for reconsideration on alternative grounds, they are confined to the arguments made in the underlying motion papers. *Id.* This is a new argument: Defendants admit that they assumed that Xinuos owned the Code in their summary judgment motion. (Opp'n at 7; Defs.' MSJ Reply at 4.)

Defendants' new argument is substantively incorrect as well, conflating the ownership element of a copyright claim with questions of ownership as between two parties. As noted above, Xinuos's claims are that IBM has copied the Code and continued to use it without authorization. IBM has asserted that it was allowed to use the Code. That is a dispute over whether IBM's use of the Code is infringing. *See e.g.*, *Sohm*, 959 F.3d at 46; *Flo & Eddie*, 80 F. Supp. 3d at 542-43; *Roberts II*, 2022 WL 976872, at *9.

### II. Defendants' Alleged "Independent Reasons" Supporting Summary Judgment Should Be Rejected

Defendants' final gambit is to re-hash the arguments they made on summary judgment. This Court should reject those arguments for the same reasons it did not grant summary judgment based on them in the first place. These arguments are built on the same false presumption that SCO's release of unasserted copyright claims that accrued while SCO owned

the Code effectively granted IBM a perpetual, royalty-free license to continue using the Code after SCO sold it to Xinuos. But as Xinuos argued in opposition to summary judgment, SCO could not have done that—a copyright owner cannot sell a copyright and retain the right to sue for infringement occurring after the sale. (*See* ECF 126 (Pl.'s Mem. in Opp'n Mot. Sum. J. (Pl.'s MSJ Opp'n") at 8-9.)) Thus, once SCO sold its copyrights to Xinuos, it lost any right to authorize IBM to continue to use the Code.[7]

### III. Xinuos Has Met the Standard for Reconsideration

Defendants also argue that Xinuos has not met the standard for reconsideration. (Opp'n at 2-4.) Even though the standard for reconsideration is high, courts in the Second Circuit regularly reconsider their decisions when an error of law is shown. *See, e.g.*, *Chen v. Hunan Manor Enter., Inc.*, 2023 WL 8434700, at *2 (S.D.N.Y. Dec. 5, 2023); *Orthodox Jewish Coal.*, 2021 WL 3605041, at *2; *Cruz v. Barnhart*, 2006 WL 547681, at *2 (S.D.N.Y. Mar. 7, 2006); *Martinez v. Agway Energy Servs., LLC*, 2022 WL 1091607, at *5 (N.D.N.Y. Apr. 12, 2022), aff'd, 88 F.4th 401 (2d Cir. 2023); *Gordon v. Kaleida Health*, 2009 WL 4042929, at *5 (W.D.N.Y. Nov. 19, 2009). The "narrow aim" of the rules permitting reconsideration was to clarify that a district court may "rectify its own mistakes…" *White v. New Hampshire Dep't of Emp't. Sec.*, 455 U.S. 445, 450 (1982).[8] Although motions for reconsideration are "left to the discretion of the district court, it may be an abuse of discretion to let stand an error of law

---

[7] Nor does the fact that IBM raises arguments about the precise rights conveyed to Xinuos transform this dispute into a matter of ownership, rather than infringement. *Waite*, 450 F. Supp. 3d at 437 ("[R]elevance is not enough" to turn an infringement claim into an ownership dispute.)

[8] "The standards governing motions under Local Rule 6.3 along with Fed. R. Civ. P. 59(e) and 60(b) are the same …" *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014), aff'd sub nom., *Lowinger v. Morgan Stanley & Co. LLC*, 841 F.3d 122 (2d Cir. 2016).

brought to its attention in a timely manner." *Cruz*, 2006 WL 547681, at \*2.

Respectfully, the Court's finding that a dispute over the scope of IBM's license (if any) was an ownership dispute, rather than an infringement dispute, was an error of law meriting reconsideration. The Court was correct when it found that "ownership is not precisely what is at issue here…" (Tr. at 30:15-16.) The error was to treat the dispute over the existence and scope of IBM's alleged license as an ownership dispute. Because licensing disputes are about the "nature, extent, or scope of copying," *see Waite*, 450 F. Supp. 3d at 436 (cleaned up), this Court should have found that Xinuos's copyright claims present an infringement dispute, and as such were not time-barred.

## CONCLUSION

For the reasons set forth above and in Xinuos's opening memorandum, this Court should grant Xinuos's Motion for Reconsideration, vacate its bench ruling, and deny Defendants' motion for summary judgment on Xinuos's copyright infringement claims.

Dated:  February 27, 2024                              Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　 */s/ Mark M. Supko*
　　　　　　　　　　　　　　　　　　　　　　　　　　 Mark M. Supko
　　　　　　　　　　　　　　　　　　　　　　　　　　   msupko@crowell.com
　　　　　　　　　　　　　　　　　　　　　　　　　　 Mark A. Klapow
　　　　　　　　　　　　　　　　　　　　　　　　　　   mklapow@crowell.com
　　　　　　　　　　　　　　　　　　　　　　　　　　 Kyle N. Pham\*
　　　　　　　　　　　　　　　　　　　　　　　　　　   kpham@crowell.com
　　　　　　　　　　　　　　　　　　　　　　　　　　 CROWELL & MORING LLP
　　　　　　　　　　　　　　　　　　　　　　　　　　 1001 Pennsylvania Avenue, NW
　　　　　　　　　　　　　　　　　　　　　　　　　　 Washington, DC 20004-2595
　　　　　　　　　　　　　　　　　　　　　　　　　　 Telephone: 202-624-2500

Warrington S. Parker*
 wparker@crowell.com
Molly A. Jones*
 mojones@crowell.com
Joachim B. Steinberg
 jsteinberg@crowell.com
Jacob S. Canter*
 jcanter@crowell.com
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, California 94111
Telephone: 415-986-2800

(*Admitted pro hac vice)
*Attorneys for Plaintiff Xinuos, Inc.*