UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| XINUOS, INC., <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORP. and RED HAT, INC., <br><br> Defendants. | Case No. 7:22-cv-09777-CS-VR <br><br> **CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER** |

      WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

      1.    Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

      2.    The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action and shall continue for the pendency of the above matter regardless of whether claims against the party have been withdrawn or dismissed by the Court.

      3.    In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

      4.    Certain Confidential Information may also be designated as "Outside Attorneys' Eyes Only" ("OAEO"). The "OAEO" designation applies to trade secrets and competitively sensitive business records. The designation of "OAEO" shall be made by affixing to the document or material the legend "Outside Attorneys' Eyes Only" or "OAEO."

5. Counsel for any party may designate testimony given in deposition or other pretrial proceeding by, either verbally on the record or in a writing served on all parties and the court reporter within 21 days after the close of deposition or other proceeding, identifying the testimony to be protected and the level of protection being asserted. If no indication on the record is made, all information disclosed during a deposition will be deemed as "Outside Attorneys Eyes Only" in its entirety, until the time within which it may be appropriately designated has passed.

6. Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information (not designated as OAEO) shall not be furnished, shown, or disclosed to any person or entity except to:

   a. personnel of Plaintiff or Defendants actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

   b. outside counsel of record for the Parties to this action and their associated attorneys, paralegals, and other professional and non-professional personnel (including support staff and outside copying services) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

   c. expert witnesses or consultants retained by the Parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; if furnished, shown, or disclosed in accordance with paragraph 8 hereof;

   d. the Court and court personnel;

   e. an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical, or other personnel of such officer;

   f. trial and deposition witnesses not otherwise authorized under 6(a)-(g); and

   g. any other person agreed to by the Producing Party.

7. Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information also designated as OAEO shall not be furnished, shown, or disclosed to any person or entity except to those persons listed in Section 6(b)-(e), (g).

8. Prior to disclosing or displaying the Confidential Information or OAEO to any person, counsel must:

    a.      Inform the person of the confidential nature of the information or documents;

    b.      Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c.      Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

9. The disclosure of a document or information without designating it as "CONFIDENTIAL" and/or "OAEO" shall not constitute a waiver of the right to designate such document or information as Confidential Information and/or OAEO. If so designated, the document or information shall thereafter be treated as Confidential Information and/or OAEO subject to all the terms of this Stipulation and Order.

10. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure. A party may also redact PII so long as the PII is not responsive to any requests for production.

11. If a party is served with a subpoena or court order issued in other litigation that compels disclosure of any documents or information designated in this action as "CONFIDENTIAL" and/or "OAEO," that party must (a) promptly notify in writing the designating party, including with a copy of the subpoena or court order; and (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order, a copy of which is to be included in the notification. If the designating party timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "OAEO" before a determination by the court from which the subpoena or order issued. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information and/or OAEO if otherwise required by law or pursuant to a valid subpoena.

12. The terms of this Order are applicable to information produced by a non-party in this action and designated as "CONFIDENTIAL" or "OAEO." Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

13. In the event that a party is required, by a valid discovery request, to produce a non-party's confidential information in its possession, and the party is subject to an agreement with the non-party not to produce the non-party's confidential information, then the party shall promptly give written notice to the non-party that its

documents or information are subject to discovery in this Action and provide the non-party with a copy of this Protective Order.  At the same time such written notice is given to the non-party, the requested party shall advise the requesting party of the fact that such notice has been given and the request for production to which the documents or information are responsive.  If the non-party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the party may produce the non-party's confidential information responsive to the discovery request.  If the non-party timely seeks a protective order, the party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the non-party before a determination by the Court.

14. If a receiving party learns that, by inadvertence or otherwise, it has disclosed "CONFIDENTIAL" and/or "OAEO" information to any person or in any circumstance not authorized under this Protective Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person to sign the agreement to be bound by this Order in the form attached as Exhibit A.

15. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

16. If any producing party learns that material over which it claims privilege or protection has been produced, it must promptly notify any party that has received the material in writing.  Upon notification from any producing party that has produced material that it believes is privileged and/or protected, a receiving party must promptly destroy or sequester such material and certify that destruction or sequestration to the producing party. Within 14 days of the producing party's notification to the receiving party that privileged and/or protected information has been disclosed, the producing party must provide a complete privilege log entry for each such document.  Any motion to compel production by the receiving party must be made within 14 days of receiving the privilege log entry and shall not rely on any portion of the document(s) at issue other than the information disclosed in the producing party's privilege log.

17. Notwithstanding the designation of information as "CONFIDENTIAL" and/or "OAEO" in discovery, there is no presumption that such information shall be filed with the Court under seal.  The parties shall follow the Court's procedures for requests for filing under seal.

18. At the conclusion of litigation, Confidential Information and/or OAEO and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

SO STIPULATED AND AGREED.

Dated: April 18, 2024
White Plains, New York

*/s/ Jacob S. Canter*  
Jacob S. Canter  
*Counsel for Plaintiff*

*/s/ Michael J. Zaken*  
Michael J. Zaken  
*Counsel for Defendants*

SO ORDERED.

Hon. Victoria Reznik  
United States Magistrate Judge

**Dated:** April 19, 2024

## EXHIBIT A

### Agreement

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Xinuos, Inc. v. International Business Machines Corp. et al.* have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" and/or "OAEO" are confidential by Order of the Court. I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Dated: _____, 20\_\_

_____          _____
Name (printed)                                                        Signature

Signed in the presence of:

_____
(Attorney)