

May 29, 2024

The Hon. Judge Victoria Reznik
U.S. District Court for the Southern District of New York

Re:   *Xinuos, Inc. v. IBM Corp. et. al.*, 22 Civ. 9777 (SDNY) – Request for a Pre-Motion Conference Related to Disputes Regarding Improper Temporal and Code-Copying Exclusions

To the Honorable Judge Reznik:

Pursuant to Local Civil Rule 37.2 and Section II.A. of Your Honor's Individual Rules, Plaintiff Xinuos, Inc. files this letter to request a pre-motion conference to address unresolved disputes with Defendants IBM Corp. and Red Hat, Inc. regarding their responses to the First and Second Sets of Requests for Production.[1] In both responses, Defendants assert two very broad and improper objections to the scope of discovery.

   I.   **Objection No. 1 – Excluding Documents that Predate 2017**

Defendants refuse to produce documents created before March 31, 2017 (four years before the complaint was filed) because such documents "relat[e] to time periods outside the applicable statute of limitations" for the claims. *See*, *e.g.*, Exh. 2, 4, General Objections No. 11. This is improper for at least the following reasons:

**First**, Defendants bear the burden for their statute of limitations defense, which has not yet been proven. *See Browe v. CTC Corp.*, 15 F.4th 175, 190 (2d Cir. 2021) ("[A] statute of limitations argument is an affirmative defense for which the defendant bears the burden of proof."). Defendants may not assume that their affirmative defense will prevail and thus refuse to collect and produce discoverable material.

To be clear, we anticipate that Defendants will fail to prove this defense. The statute of limitations does not apply where damages were speculative at the time the anticompetitive conduct first occurred. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 339-42 (1971); *Bull. Displays, LLC v. Regency Outdoor Advert., Inc.*, 518 F. Supp. 2d 1182, 1187 (C.D. Cal. 2007). Also, the limitations period may be tolled by fraudulent concealment. *See Holmberg v. Armbrecht*, 327 U.S. 392, 396-97 (1946); *Sonterra Capital Master Fund Ltd. v. Credit Suisse Grp. AG*, 277 F. Supp. 3d 521, 566-68 (S.D.N.Y. 2017); *New York v. Hendrickson Bros., Inc.*, 840 F.2d 1065, 1084-86 (2d Cir. 1988); Compl. ¶ 73. It may be tolled by inducement. *See Glus v. Brooklyn Eastern Terminal*, 359 U.S. 231, 232-34 (1959). It may be equitably tolled. *See Benzemann v. Houslanger & Assoc.*, PLLC, 924 F.3d 73, 82 (2d Cir. 2019). It may be tolled because the plaintiff alleges a continuing conspiracy or antitrust violation, as we do. *See Zenith*, 401 U.S. at 338-40; *Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 189 (1997); Compl. ¶¶ 2, 7, 51, 75, 79, 149, 157, 169, 192, 201, 208, 222. And it may be tolled by a combination of such factors. *See City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 460-61 (2d Cir. 1974). For present purposes, the point is that none of these merits issues have been resolved. Nor could they be at this discovery stage of the litigation.

**Second**, even if Defendants succeed in their statute of limitations defense, that does not mean that all documents dated before the limitations period are not discoverable. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978) (noting the impropriety of "deny[ing] discovery of matter that is relevant

---

[1] Xinuos served the first set of RFPs on March 4, 2024, and Defendants responded on April 3, 2024. *See* Exh. 1, 2. Xinuos served the second set of RFPs on April 18, 2024, and Defendants responded on May 20, 2024. *See* Exh. 3, 4.



only . . . to events that occurred before an applicable limitations period" where "the information sought is otherwise relevant"). Plaintiff alleges anticompetitive conduct before March 31, 2017. *See* Compl. ¶¶ 55-57, 169. And the "statute of limitations is not an evidentiary bar." *Magadia v. Napolitano*, 2009 WL 510739, at *11 (S.D.N.Y. Feb. 26, 2009); *Fitzgerald v. Henderson*, 251 F.3d 345, 365 (2d Cir. 2001) ("[A] statute of limitations does not operate to bar the use of a document that predates the commencement of the limitations period but that is relevant"); *Sir Speedy, Inc. v. L&P Graphics, Inc.*, 957 F.2d 1033, 1038 (2d Cir. 1992) ("A suggestion that the evidence is too old goes to its relevance and to its weight").

The only question is whether requests for documents that predate 2017 meet the low bar of "appear[ing] reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).[2] Of course, "the statute of limitations of an underlying claim is not dispositive of the scope of admissible discovery related to that claim[.]" *Perez v. Lasership, Inc.*, 2015 WL 11109330, at *5 (D. Conn. Sept. 18, 2015). Where documents that predate the limitations period are relevant, as they are here, "the statute of limitations is not a basis for barring discovery." *In Re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 351, 358 n. 5 (N.D. Ill. 2005). Especially in an antitrust case, where courts allow liberal discovery, Defendants cannot sweep away decades of relevant documents on limitations grounds. *See Quonset Real Estate Corp. v. Paramount Film Distr. Corp.*, 50 F.R.D. 240, 242-43 (S.D.N.Y. 1970) (permitting discovery ten years before the earliest possible wrong because the court was "reluctant to deny plaintiff the opportunity to gather evidence of a course of conduct existing over a period of many years which may manifest an intent to monopolize").

***Third***, even if the above were not true, beyond Plaintiff's affirmative claims, Defendants have asserted defenses and factual allegations in support of their own position that predate 2017. Defendants pleaded that "IBM exercised its rights under the joint development agreement to terminate [Project Monterey] on June 19, 2001." ECF No. 148 (Defs.' Answer) at ¶¶ 57. Defendants in fact pleaded many factual claims regarding Project Monterey, which ended in 2001. *See id.* ¶¶ 32, 55-57. Defendants also pleaded affirmative defenses including waiver, laches, estoppel, and failure to mitigate, all of which are supported by allegations that predate 2017. Of course, Xinuos is entitled to explore these assertions in discovery. Defendants cannot assert affirmative defenses and then decline to produce documents that relate to those defenses. *See Westhemeco Ltd. v. New Hampshire Ins. Co.*, 82 F.R.D. 702, 709 (S.D.N.Y. 1979).

## II. Objection No. 2 –Excluding Documents Related to IBM's Code-Copying

Defendants refuse to produce documents related to alleged anticompetitive code-copying conduct simply because the Court granted summary judgment on a copyright claim to which some of these documents would also likely relate. *See, e.g.*, Exhibit 2, General Objection No. 9, Responses to RFP Nos. 29, 31, 141; Exhibit 4, General Objection No. 9, Responses to RFP Nos. 173, 185. This objection cannot be sustained.

***First***, nothing in the Court's order warrants this limitation. The Court did not hold that IBM *did not* infringe Xinuos' copyrights, that IBM's code-theft was lawful, or that the code did not belong to Xinuos. Rather, the narrow ruling was that Xinuos was "asserting an ownership claim," that, as a contractual matter, "belonged to SCO, and [that] SCO has released defendants from[.]" Bench Ruling (Jan. 22, 2024) at 30-34. The Court also did not hold that the code-theft was irrelevant to the antitrust claims. If anything, language

---

[2] The scope of relevance is "exceedingly broad." *U.S. v. IBM Corp.*, 66 F.R.D. 215, 218 (S.D.N.Y. 1974) ("discovery is to be considered relevant where there is *any possibility* that the information sought may be relevant to the subject matter of the action." (emphasis in original)); *Estee Lauder, Inc. v. Fragrance Counter, Inc.*, 189 F.R.D. 269, 274 (S.D.N.Y. 1999) ("It is well-settled within this Circuit that 'any possibility' that the sought-after information may be relevant to the subject-matter of the action will satisfy Rule 26(b)(1)'s requirements.").



in the order suggests the opposite. *See* Bench Ruling (Jan. 22, 2024) at 13 (describing, in another context, "the alleged misuse of the Project Monterey code as evidence for its unfair competition claim").

**Second**, even after the Court dismissed the copyright claim, *Defendants* continued to make factual assertions regarding these code-related issues in an affirmative defense. *See* Dkt. 148 (Defs.' Answer) (Feb. 21, 2024) at 32 (claiming as an affirmative defense that "Defendants have ownership interests in the code at issue, including the Project Monterey code"). It is axiomatic that Xinuos is entitled to take discovery on factual assertions made in Defendants' affirmative defenses. *See* Fed. R. Civ. P. 26(b)(1).

**Third**, evidence of IBM's code-copying is relevant to, *inter alia*, Xinuos' Sherman Act Section 1 and 2 claims. In *Oppenheimer Fund, Inc. v. Sanders*, the U.S. Supreme Court held it would be proper to deny discovery of a "matter that is relevant *only* to claims or defenses that have been stricken" *only* if the information sought was not "otherwise relevant to issues in the case." 437 U.S. 340, 352 (1978) (emphasis added) (cited in *Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 364 (S.D.N.Y. 2010)). That situation does not apply here. Evidence of the anticompetitive code copying is relevant to Xinuos' antitrust claims, as is apparent from the Complaint. *See Chapdelaine Corp. Sec. & Co. v. Depository Tr. & Clearing Corp.*, 2006 WL 2020950, at *5 (S.D.N.Y. July 13, 2006) (allowing Section 2 claim to proceed where it alleged that defendant "misappropriated proprietary information" and breached an agreement with Plaintiff); *Perfect Subscription Co. v. Kavaler*, 427 F. Supp. 1289, 1297 (E.D. Pa. 1977) (collecting "the cases holding that the Sherman Act is violated whenever there is proof of a conspiracy intended to eliminate the plaintiff as a competitor by . . . stealing its trade secrets"); *Music Ctr. S.N.C. Di Luciano Pisoni & C. v. Prestini Musical Instruments Corp.*, 874 F. Supp. 543, 555 (E.D.N.Y. 1995) ("plaintiffs might still have stated a federal antitrust cause of action based on the alleged theft of trade secrets and alleged attempt to price fix" if an antitrust injury had been pleaded); *see also* Compl. ¶¶ 12, 82, 148.

### III. Certification Pursuant to Section II.A. of the Court's Individual Rules

On Tuesday, May 28, 2024, at 2:00 PM ET, counsel for Xinuos met with counsel for IBM and Red Hat by videoconference for approximately an hour and reached an impasse on the fundamental merits of Defendants' objections. That meet-and-confer followed Xinuos sending a detailed letter on May 16, 2024, that outlining the lack of legal merit to these objections. *See* Exh. 5. Despite Xinuos' explicit request, Defendants refused to provide any substantive responses to Xinuos' letter, and instead—without reference to any authority—simply stated they disagreed with Xinuos' positions in the letter. *See* Exh. 6. Xinuos' May 16 letter also follows Xinuos notifying Defendants during video conferrals on April 22 and 25, 2024, that it would raise these concerns via letter with them. During the conference, counsel for Xinuos informed counsel for Defendants that they believe the parties are at an impasse and would be requesting a conference with the Court.

Jacob Canter

[Enclosures]