

**Jacob Canter**
JCanter@crowell.com
(415) 365-7210 direct

Crowell & Moring LLP
3 Embarcadero Center, 26th Fl.
San Francisco, CA 94111
+1.415.986.2800 main
+1.415.986.2827 fax

May 31, 2024

**[VIA ECF]**

**Re: *Xinuos, Inc. v. IBM Corp. et. al.*, 22 Civ. 9777 (SDNY) – Joint Status Update**

To the Honorable Judge Reznik:

Pursuant to the Court's April 12, 2024, Minute Entry, Plaintiff Xinuos, Inc. ("Xinuos") and Defendants International Business Machines Corp. ("IBM") and Red Hat, Inc. ("Red Hat") herein provide the Court with an update on the status of the case.

Your Honor entered a Scheduling Order on February 27, 2024. ECF 150. Parties must substantially complete all document productions by September 30, 2024, and fact discovery closes on March 31, 2025.

## I. Disputes

***Xinuos' Position***: Xinuos filed a letter brief on May 29, 2024, regarding two objections raised by Defendants in their responses and objections to Xinuos' first and second set of requests for production.

***Defendants' Position***: Defendants intend to respond timely to the May 29 letter.

## II. Progress on Discovery So Far

### a. Initial Disclosures

The parties exchanged Initial Disclosures. On March 12, 2024, Xinuos served Amended Initial Disclosures.

***Xinuos' Position:*** Xinuos' position is still that Defendants' Initial Disclosures, which only identify in total three individuals as persons with relevant knowledge of the facts and custodians of documents, is inadequate. Defendants have not yet supplemented their Initial Disclosures.

***Defendants' Position***: As previously stated, Defendants believe their initial disclosures were appropriate, but expect to supplement them at an appropriate time.

### b. Requests for Production

On March 4, 2024, Xinuos served its First Set of Requests for Production on Defendants. Defendants responded on April 3, 2024. On April 18, 2024, Xinuos served its Second Set of Requests for Production. Defendants responded on May 20, 2024. On March 12, 2024, Defendants served its First Set of Requests for Production. Xinuos responded on April 11, 2024.

Both parties have produced documents.



***Xinuos' Position:*** Beyond problems with individual objections, Defendants have yet to provide clarity as to how they will respond to most of Xinuos' document requests. For many specific document requests, Defendants responded contrary to the rules simply that they were willing to negotiate further on them. Xinuos has participated in good faith in those negotiations for two months. But those negotiations have not brought clarity to their positions. Nor have Defendants' proposed any custodians or search protocols or provided any useful information from which Xinuos could contribute to that discussion. In other words, the parties are spinning their wheels but making little actual progress in document discovery. Indeed, Xinuos is becoming deeply concerned that Defendants are slow rolling this process, effectively limiting Xinuos' rights to get discoverable information and leading to problems in the rest of the schedule.

***Defendants' Position*:** Contrary to Plaintiff's suggestion, Defendants have cooperated in good faith in addressing Plaintiff's document requests. Plaintiff's document demands are extraordinarily broad, consisting (thus far) of 188 requests for production, the vast majority of which seek documents dating back almost three decades and many of which are vague, overlapping and not limited to subject matters relevant to Xinuos' allegations. Despite the burden that untangling and understanding these requests has imposed, Defendants have responded to each request in detail and have committed to producing a significant number of documents, including documents responsive to 169 of the 188 requests. In fact, Defendants have already made two document productions, consisting of tens of thousands of pages, and are preparing further productions.

With respect to Plaintiff, it is difficult to see the assertions in its letter on this score as anything more than an attempt to manufacture a dispute at the eleventh hour. More than two weeks ago, Defendants sent Xinuos a letter, clarifying their positions on a substantial number of Xinuos' document demands at Xinuos' request. Xinuos has not responded to the letter, or otherwise provided any indication that it believes the letter failed to provide clarity. Defendants do not believe Plaintiff's raising such concerns for the first time in a joint status update is appropriate or productive. Nevertheless, Defendants are willing to meet and confer regarding any concerns Xinuos has with Defendants' proposed productions; Defendants are prepared to continue working in good faith to resolve any issues before raising with the Court.

**c. Interrogatories**

On March 12, 2024, both parties served their First Set of Interrogatories on the other. Both parties responded on April 11, 2024. Plaintiff believes that Defendants' refusal to respond to its first interrogatory is inappropriate; Defendants believe that the interrogatory is not permitted under Local Rule 33.3. The parties have met and conferred once regarding Defendants' responses and objections to Xinuos' first set of interrogatories, and will continue to do so. If the parties reach an impasse, Plaintiff intends to raise this issue with the Court.

**d. Depositions**

Neither party has noticed any depositions.

Xinuos has proposed 180 hours of deposition testimony per side. Defendants have stated that they believe the presumptive limits under the Federal Rules are sufficient. The parties have agreed to table this issue until document production begins in earnest.

**e. Other Matters**

None.

**III. Anticipated Next Steps for the Upcoming Month**

Unless directed otherwise, the parties will provide another joint status update letter in one month, on June 28, 2024.

Sincerely,

Jacob Canter