UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Xinuos, Inc.,

                           Plaintiff,

           -against-

International Business Machines Corporation,
Red Hat Inc.,

                          Defendants.
----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/19/2024

22-cv-9777-CS-VR

**OPINION & ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

                                   **I.**      **INTRODUCTION**

By letter motion, Plaintiff Xinuos, Inc. moves to seal Exhibits F, G, H, I, and J to its letter brief in support of a discovery dispute, and to redact references to these exhibits in its letter brief. (ECF No. 180). By letter motion, Defendants IBM and Red Hat Inc. cross-move to seal Exhibits F, G, H, and I to Xinuos' letter brief and to redact references to these exhibits in Xinuos' letter brief. (ECF No. 197). For the below reasons, Xinuos' motion is **GRANTED** in part and **DENIED** in part, and IBM's and Red Hat's motion is **GRANTED**. The requests to seal Exhibits F, G, H, and I and to redact references to these exhibits are **GRANTED**. The request to seal Exhibit J and to redact references to this exhibit is **DENIED**. Xinuos is directed to file a version of their letter brief that redacts references to Exhibits F, G, H, and I, but not Exhibit J.

                                   **II.**      **BACKGROUND**

By letter motion, Xinuos informed the Court of a pending discovery dispute that required the Court's guidance. (*See* ECF No. 172).[1] Following a telephonic discovery conference, the

---

[1] The Court assumes the parties' familiarity with the facts and record of the prior proceedings, to which the Court refers only as necessary to explain this decision.

1

Court directed the parties to submit further briefing on that discovery dispute. (*See* ECF 06/21/2024 Minute Entry). On July 26, 2024, Xinuos filed a letter brief in support of its letter motion and attached ten exhibits. (ECF Nos. 189, 189-1 to 189-10, 191, 191-1 to 191-10). Contemporaneously, Xinuos filed a letter motion to seal Exhibits F, G, H, I, and J and to redact references in its letter brief to these exhibits. (ECF No. 188). Xinuos explained that these exhibits were produced by IBM and Red Hat in this litigation and they had designated these exhibits as confidential under the parties' protective order. (*Id.* at 1–2).[2]

The Court directed IBM and Red Hat to respond to Xinuos' seal motion. (ECF No. 193). In that response, IBM and Red Hat filed their own letter motion to seal Exhibits F, G, H, and I, and to redact references to these exhibits in Xinuos' letter brief. (ECF No. 197). They explain that these exhibits contain confidential commercially sensitive information. (*Id.* at 1–2). But they do not request sealing of Exhibit J or the redaction of references to it. (*Id.* at 2 n.1).

### III.    DISCUSSION

"Judicial documents are subject at common law to a potent and fundamental presumptive right of public access that predates even the U.S. Constitution," *Olson v. Major League Baseball*, 29 F.4th 59, 87 (2d Cir. 2022), and is secured by the First Amendment, *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016). A "judicial document" is "a filed item that is relevant to the performance of the judicial function and useful in the judicial process." *Bernstein*, 814 F.3d at 139 (internal quotation marks omitted). To overcome the presumption of public access, the court must make "specific, on-the-record findings" for each individual document that sealing (1) "is necessary to preserve higher values," and (2) "is narrowly tailored to achieve that aim." *Brown v. Maxwell*, 929 F.3d 41, 47–48 (2d Cir. 2019).

---

[2] All page numbers to documents filed on ECF refer to the pagination generated by ECF on the top right corner of a given page.

Although the presumption of public access attaches to all judicial documents, "the presumption of public access in filings submitted in connection with discovery disputes . . . is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions." *Id.* at 50. "Thus, while a court must still articulate specific and substantial reasons" for sealing material filed in connection with a discovery dispute, "the reasons usually need not be as compelling as those required to seal" filings connected to a dispositive motion. *Id.* Because Xinuos' letter brief and exhibits were filed in connection with a discovery dispute (*see* ECF Nos. 189, 189-1 to 189-10, 191, 191-1 to 191-10), the presumption of public access that attaches to these documents is lower.

This Court has held that sealing or redacting "commercially sensitive information to protect confidential business interests and financial information" is a "higher value" under the First Amendment that may rebut the presumption of public access. *Rand v. Travelers Indem. Co.*, No. 21-cv-10744, 2023 WL 4636614, at *2 (S.D.N.Y. July 19, 2023).[3] Further, at least one Second Circuit panel has held that a district court did not abuse its discretion by finding that the "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access." *Standard Inv. Chartered, Inc. v. FINRA*, 347 F. App'x 615, 617 (2d Cir. 2009) (Summary Order).

**Exhibits F, G, H, and I** facially contain commercially sensitive information. Based on the Court's review of these exhibits, the Court finds that sealing them in their entirety is the most

---

[3] *See, e.g., Rubik's Brand Ltd. v. Flambeau, Inc.*, No. 17-cv-6559, 2021 WL 1085338, at *2 (S.D.N.Y. Mar. 22, 2021) ("The Court agrees that this information is commercially sensitive, potentially harmful, and that the document should be sealed to prevent competitors from utilizing this information to harm Flambeau."); *Gracyzk v. Verizon Commc'ns, Inc.*, No. 18-cv-6465, 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020) ("Verizon Communications has demonstrated that the redacted material contains sensitive information that, if disclosed, might harm Verizon Sourcing's competitive standing. Given these circumstances, the privacy interests outweigh the public's interest in the redacted material. Indeed, courts in this Circuit routinely permit parties to redact sensitive financial information akin to the material at issue here.") (alterations, citations, and internal quotation marks omitted) (collecting cases).

narrowly tailored means of sealing them.  Thus, the Court finds that **Exhibits F, G, H, and I** shall be sealed.  But, because IBM and Red Hat (the parties with an interest in sealing) do not assert that **Exhibit J** contains commercially sensitive information, the Court finds that **Exhibit J** should not be sealed.  Further, for the same reasons, the Court finds that references in Xinuos' letter brief to **Exhibits F, G, H, and I** shall be redacted, but not references to **Exhibit J.**

## IV.    CONCLUSION

Accordingly, Xinuos' motion to seal is **GRANTED** in part and **DENIED** in part.  IBM and Red Hat's motion to seal is **GRANTED**.  **Exhibits F, G, H, and I** shall be sealed and references to these exhibits shall be redacted.  The request to seal **Exhibit J** and to redact references to it is **DENIED**.  Xinuos is directed to file a version of their letter brief that redacts references to Exhibits F, G, H, and I, but not Exhibit J.

**Exhibits F, G, H, and I**, which correspond to **ECF Nos. 189-6 to 189-9**, were filed under seal and are accessible only to selected parties.  The Clerk of Court is respectfully directed to maintain **ECF Nos. 189-6 to 189-9** under seal and accessible only to selected parties.  Further, **Exhibit J**, which corresponds to **ECF No. 189-10**, was also filed under seal and is accessible only to selected parties.  The Clerk of Court is respectfully directed to modify the viewing level of ECF No. **189-10** to the public viewing level.

Finally, the Clerk of Court is respectfully directed to terminate the pending letter motions at ECF Nos. 188 and 197.

**SO ORDERED.**

DATED:   New York, New York
         August 19, 2024

_____
VICTORIA REZNIK
United States Magistrate Judge

5