# CRAVATH

Michael Zaken
mzaken@cravath.com
T+1-212-474-1000
New York

October 16, 2024

   Re: *Xinuos, Inc. v. Int'l Bus. Machs. Corp. et al.*, No. 7:22-cv-09777 (S.D.N.Y.)

Dear Judge Reznik:

   On behalf of Defendants International Business Machines Corp. ("IBM") and Red Hat, Inc. ("Red Hat"), we write in opposition to Xinuos' demand for Defendants' source code.

   After this Court dismissed Xinuos' copyright claim and later limited its request for discovery concerning IBM's alleged "code-theft" to conduct after IBM's acquisition of Red Hat, Xinuos told the Court that it needed only "[t]wo snapshots in time of a code base".  However, Xinuos now contends that it requires access to the full source code repositories for four server operating systems ("OSes") offered by IBM and Red Hat, which include over two decades of code.  That encompasses hundreds of millions of lines of code, comprising the companies' crown jewels.  These materials are neither relevant nor proportional to the needs of the case, and producing them would impose undue burden on Defendants.  Xinuos' motion should be denied.

**I.** **Xinuos' Demand Is Neither Relevant Nor Proportional**

   Xinuos initially sought IBM's source code on the ground that it was relevant to Xinuos' copyright claim, but the Court dismissed that claim as a matter of law.  Xinuos then claimed it required the code to show that IBM "stole" code relating to Project Monterey and used that code in its server operating system ("OS") products, but the Court rejected that gambit as an attempt to relitigate the copyright claim and "limited discovery to IBM's alleged use of the code since its merger with Red Hat".  ECF No. 192 at 4.  Now, Xinuos claims for the first time that source code is needed to show that Defendants allegedly made their server OSes cross-compatible, such that it is easier to develop applications and hardware that work for both companies' OSes, at the expense of the performance and security of their OSes (an assertion it makes without any supporting facts).  Nothing about that justifies Xinuos' demand for Defendants' code.

   <u>Xinuos' new cross-compatibility allegations are not found in the Complaint</u>.  As an initial matter, Xinuos does not cite any portion of the Complaint (and, in fact, there is none) alleging that Defendants jointly or separately introduced cross-compatibility into Defendants' server OSes.  *See Unger v. Cohen*, 125 F.R.D. 67, 71 (S.D.N.Y. 1989) ("The locus line between discovery reasonably calculated to lead to admissible evidence and the proverbial fishing expedition is determined in large measure by the allegations of the pleading.").  Nor is there any allegation in the Complaint that Defendants "changed code to make it easier to write apps for an OS", "harder for developers to write apps that operate on both Defendants' OSs and rival OSs" or "harder for the parties' business consumers to migrate their enterprise resources onto rival OSs".  ECF No. 217 at 2, 3.  In fact, every allegation in the Complaint about compatibility, or cross-architecture or cross-platform functionality, is directly tied to the alleged "code-theft".  *See* ECF No. 1 ¶¶ 62-63, 70, 87, 98, 148.  Defendants should not be required to produce source code based on a novel "explanation" that was never alleged in the Complaint and is based on a dismissed claim.

| NEW YORK | LONDON | WASHINGTON, D.C. | CRAVATH, SWAINE & MOORE LLP |
|---|---|---|---|
| Two Manhattan West | CityPoint | 1601 K Street NW | |
| 375 Ninth Avenue | One Ropemaker Street | Washington, D.C. 20006-1682 | |
| New York, NY 10001 | London EC2Y 9HR | T+1-202-869-7700 | |
| T+1-212-474-1000 | T+44-20-7453-1000 | F+1-202-869-7600 | |
| F+1-212-474-3700 | F+44-20-7860-1150 | | |

<u>Xinuos' new cross-compatibility allegations are inactionable</u>.  Xinuos contends that Defendants' source code will allow it to show that Defendants erected an "applications barrier to entry" and a "hardware barrier" by making their OSes cross-compatible with each other (but not with competitors' OSes).  ECF No. 217 at 2-3.  Developing cross-compatibility, so that it is easier for software developers and hardware manufacturers to reach a greater set of customers, is inherently procompetitive:  improving a product to provide greater inter-operability means *more* choice and a *better* product for consumers.  *See Berkey Photo, Inc. v. Eastman Kodak Co.*, 603 F.2d 263, 286 (2d Cir. 1979).  Nor is it anticompetitive to prioritize one feature over another.  Xinuos' allegations are the exact opposite of the "applications barrier" at issue in *Microsoft*, where Microsoft intentionally prevented applications from being developed to run on rival OSes.[1]  *United States v. Microsoft Corp.*, 253 F.3d 34, 43 (D.C. Cir. 2001).  Instead, Xinuos' demand is based on the oft-rejected assertion that the Sherman Act imposes on a purported monopolist a duty to make life easier for its competitors.  *See New York v. Meta Platforms, Inc.*, 66 F.4th 288, 305-306 (D.C. Cir. 2023).  The antitrust laws do no such thing.

<u>Xinuos does not need source code for the reasons claimed (or any others)</u>.  Even if Xinuos' allegations about cross-compatibility had any basis in the Complaint or the antitrust laws (they do not), source code is not necessary to show whether cross-compatibility exists, the extent to which it exists or the changes made in service of developing cross-compatibility:

- *First*, Defendants have openly announced their efforts to enhance the compatibility of their products.  In fact, IBM publicly proclaimed 25 years ago that it would develop "new versions of its software that will run on [Linux] operating system[s]" including Red Hat's server OS, in addition to its own server OSes.[2]

- *Second*, whether two server OSes are cross-compatible (and the extent to which they are compatible) can be readily determined from the "interfaces" that OS vendors (like IBM or Red Hat) publish about their products.  Exhibit A (Alepin Decl.) ¶¶ 10-14.  In fact, application developers and hardware manufacturers rely on the interfaces, not source code, when making decisions about the compatibility of their products with OSes.  *Id.* ¶¶ 15, 17.

- *Third*, Defendants offered to produce, and remain willing to produce, documents describing the differences between the versions of their server OSes released before and after IBM's acquisition of Red Hat (which Xinuos rejected).  Nothing further is required to understand what changes Defendants made to their server OSes after the acquisition—which is exactly what Xinuos claimed it needed to understand at the September 17 hearing.  At no point has Xinuos explained what information not contained in those documents it requires.

- *Fourth*, while Defendants do not dispute that source code can contain information not found in other documents, the extra detail contained in source code is not needed to evaluate the existence or degree of cross-compatibility between Defendants' server OSes.  Exhibit A ¶¶ 23-24.  Xinuos has not provided any specifics as to what details found only in the source code it needs (or why).  *See* ECF No. 217 at 2.

- *Fifth*, whether Defendants' server OSes are cross-compatible is neither necessary nor sufficient to establish the existence of an applications or hardware barrier.  Rather, that

---

[1] Xinuos' invocation of *Microsoft* misses the mark for other reasons as well.  Microsoft prevented developers from building applications that ran on multiple OSes.  Here, Defendants have not stopped developers from developing applications for other OSes.  In fact, IBM stood to benefit if a developer wrote applications compatible with multiple OSes, since it supported a range of server OSes on its hardware, including OSes offered by Red Hat's primary Linux competitors.

[2] https://www.nytimes.com/1999/03/02/business/linux-gains-more-support-from-ibm.html.

requires other evidence, such as evidence of a substantially greater number of applications or drivers compatible with only Defendants' server OSes and not with rival OSes. *See Microsoft*, 253 F.3d at 56. That information can be determined not from source code but from public documentation provided by application developers and hardware manufacturers about what server OSes their products are compatible with. Exhibit A ¶¶ 20-22.

## II.    Xinuos Misstates and Underestimates the Burden of Producing Source Code

Xinuos asserts that producing the code would pose "little burden". ECF No. 217 at 1. Not so. It would require significant resources and expense to collect the source code repositories for IBM's server OSes,[3] including versions of code dating back over two decades. Collecting the code for even a single OS can take up to 10 librarians to gather tens of millions of lines of code housed across multiple repositories (including some that are no longer in active use and require specialized training to use). Exhibit B (Anzani Decl.) ¶¶ 5-7. It is not the case that the requested repositories are stored in a single source (contrary to Mr. Schnell's assertions). *Id.* ¶ 6; *see also* ECF No. 217-1 ¶ 6. And producing the requested repositories would not simply be a matter of cloning the source code, but rather would require additional effort to create new documentation, to investigate licensing issues around third-party components and to create unique environments for reviewing the code. Exhibit B ¶¶ 8-9, 11. Those burdens are magnified by the extraordinary breadth of Xinuos' request, which is not limited to a single version of a single product but demands full code repositories for multiple OSes without any date limitation.[4]

Moreover, the repositories implicated by Xinuos' request contain substantial volumes of proprietary code that is not only the "lifeblood" of IBM's business, *Edmar Fin. Co., LLC v. Currenex, Inc.*, No. 21-cv-06598, 2024 WL 4471094, at *6 (S.D.N.Y. Oct. 11, 2024); *see also Viacom Int'l, Inc. v. Youtube Inc.*, 253 F.R.D. 256, 260 (S.D.N.Y. 2008) (denying motion to compel the production of "vital" source code "merely to allay speculation"), but also is used in mission-critical settings in governments and major financial institutions around the world. Exhibit B ¶ 12. There would be significant risk in disclosing the source code: the security of key operations within these institutions depends on the protection of IBM's source code. Accordingly, the code can only be hosted in environments with sufficiently high levels of security and access control (including the presence of security personnel at all times the code is being inspected). *Id.* ¶ 13. Simply put, the burden and expense associated with collecting the full source code repositories demanded by Xinuos and with creating and maintaining a secure environment for the production of such repositories is substantial. Given Xinuos' failure to establish any relevance to its request and the existence of less intrusive means of producing the information Xinuos seeks, requiring Defendants to shoulder that burden is not warranted.

---

[3] Because RHEL is open-source, the source code for RHEL is openly available to the public and as readily accessible to Xinuos as it is to Defendants. *See Alexander Interactive, Inc. v. Adorama, Inc.*, No. 12 Civ. 6608 (PKC), 2013 WL 6283511, at *6 (S.D.N.Y. Dec. 4, 2013) (denying motion to compel publicly available documents).

[4] Xinuos does not even attempt to explain why Defendants' full source code repositories are relevant, as opposed to the two snapshots it previously requested. It claims only that its "source code expert has explained that it would be substantially less burdensome to collect the entire code repository for the relevant products rather than snapshots-in-time". ECF No. 217 at 1 n.1 (citation omitted). In fact, he did no such thing. *See generally* ECF No. 217-1.

                                    Respectfully submitted,

                                    */s/Michael Zaken*
                                    Michael Zaken

Hon. Victoria Reznik
    The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
        300 Quarropas Street
            White Plains, NY 10601-4150

VIA ECF

Copies to:
All Counsel of Record (via ECF)