UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Xinuos, Inc.,

                                Plaintiff,                    22-cv-09777-CS-VR

          -against-                                **ORDER**

IBM Corp. et al.,

                                Defendants.
------------------------------------------------------------------X

**VICTORIA REZNIK, United States Magistrate Judge:**

      Defendants move to compel Plaintiff to supplement its response to three of Defendants' interrogatories. For the reasons below, the motion is **GRANTED** in part and **DENIED** in part.

## BACKGROUND

      Before the Court is a dispute regarding the timing and scope of Plaintiff's responses to interrogatories served by Defendants about the amount and method of computation for Plaintiff's damages, the identities of customers it failed to obtain due to Defendants' allegedly anti-competitive conduct, and the lost profits or damages attributable to each lost customer. Although Plaintiff provided some information about its damages theories, including lists of customers that form the basis of its lost profits damages and an estimated lost profits calculation, Defendants seek more specificity.

      At issue here, specifically, are three interrogatories served by Defendants. Interrogatory No. 3 asked Plaintiff to "explain in detail the amount and method of computation of each category of damages or other harm claimed."

1

(ECF No. 230-1 at 5). Interrogatory No. 4 asked Plaintiff to "identify all Customers that [Plaintiff] alleges it has lost or not obtained as a result of the Alleged Anticompetitive Conduct." (ECF No. 230-6 at 5). And finally, Interrogatory No. 5 asked Plaintiff to "identify the lost profits (or other damages), if any, attributable to each Customer identified in response to Interrogatory No. 4." (*Id.*). Despite responses from Plaintiff, Defendants now move to compel Plaintiff to provide supplemental responses with additional details, (ECF No. 227), which Plaintiff opposes. (ECF No. 235).

## DISCUSSION

Defendants contend that Plaintiff's responses are deficient because they are incomplete and/or lack sufficient detail. (ECF No. 227). Plaintiff largely does not object to providing the requested information, only about the timing of doing so. Plaintiff argues in opposition that it provided sufficient responses based on the information available to it, given that substantial completion of document production occurred in late December 2024, and fact discovery does not close for several months. (ECF No. 235). Plaintiff also argues that more detailed damages computations depend on expert analysis and that responding to the interrogatories at this stage would be premature. (*Id.*). According to Plaintiff, further supplementation should be deferred until the completion of expert discovery. (*Id.*)

As an initial matter, Plaintiff's responses are not entirely lacking (as explained more fully below). And the Court agrees generally that detailed

2

contention interrogatories at this stage of the litigation would be premature, given that the parties have only recently substantially produced documents. But at least some of the information sought by Defendants relates to the factual basis for Plaintiff's damages based on currently available information. Although detailed calculations and analysis of those facts may need to wait until expert discovery, disclosure of the factual basis of Plaintiff's claims cannot be completely deferred until then.

 First, Plaintiff's obligation to disclose a damages computation is separate from its expert discovery obligations. Under Rule 26 of the Federal Rules of Civil Procedure, at the outset of a case a party must provide "a computation of each category of damages claimed" and disclose "the documents or other evidentiary material . . . on which each computation is based." FED. R. CIV. P. 26(a)(1)(A)(iii). Thus, Rule 26 mandates that a party provide a reasonable computation of damages and supporting evidence, which are often rooted in factual information already within the party's control. *See* FED. R. CIV. P. 26(a)(1)(A)(ii). That expert reports may later refine the analysis does not excuse Plaintiff from disclosing its present knowledge. Indeed, courts in this district routinely find that a party may not refuse to respond to interrogatories seeking damages calculations on the ground that expert analysis will refine the damages calculation. Rather, a party must provide responses based on the information available at the time, and later supplement them if necessary after expert discovery. *See JPMorgan Chase Bank, N.A. v. IDW Group, LLC*, No. 08

Civ. 9116(PGG), 2009 WL 1422743, at *2 (S.D.N.Y. May 20, 2009); *In re Veeco Instruments, Inc. Sec. Litig.*, No. 05MD1695 CMGAY, 2007 WL 274800, at *2 (S.D.N.Y. Jan. 29, 2007).

Second, the Local Civil Rules anticipate that damages computations are an appropriate subject for early-stage interrogatories. *See* S.D.N.Y. Civ. R. 33.3(a). Local Civil Rule 33.3 provides that interrogatories other than those seeking names of witnesses, locations of documents, or *computations of damages* are generally not permitted until later in discovery, unless ordered by the Court. S.D.N.Y. Civ. R. 33.3(a)–(b) (emphasis added). As Plaintiff rightly points out, the Rule expects that contention interrogatories will be served "[a]t the conclusion of other discovery, and at least 30 days before the discovery cut-off date." S.D.N.Y. Civ. R. 33.3(c). But this does not mean that disclosure of known facts about Plaintiff's damages claim must await the close of fact discovery. Presumably, those underlying facts will form the basis of any expert's future analysis. Thus, Defendants are entitled to understand the basis for Plaintiff's damages claims to prepare rebuttal evidence, depose relevant witnesses, and retain experts as needed. Waiting until the conclusion of fact discovery would unduly prejudice Defendants' ability to prepare their defense.

Third, requiring Plaintiff to respond now does not preclude later supplementation. Rule 26 allows a party to update prior responses if more information becomes available. *See* FED. R. CIV. P. 26(e). Thus, Plaintiff's

4

concerns about premature disclosure are adequately addressed by its ability to supplement its responses after expert reports are served.

With these general propositions in mind, the Court now turns to the extent to which Plaintiff's responses were deficient. As noted above, Plaintiff's responses are not entirely lacking, and the Court agrees that some of the detail requested by Defendants is premature. But there is more Plaintiff can and should do to provide a fuller response.

With respect to Interrogatory No. 3, Plaintiff provided enough detail about the method of computation of each category of damages. But it failed to provide any computation of those categories of damages. Arguably some of that information can be gleaned from Plaintiff's responses to Interrogatory Nos. 4 and 5. In any case, Plaintiff must supplement this interrogatory to include the amount of each category of damages it claims, to the extent known, subject to supplementation after expert reports are served. Given the parties' recent substantial completion of document production, Plaintiff may also supplement its response to this interrogatory by producing business records and specifying the records to be reviewed in sufficient detail to enable Defendants to locate and identify the requested information under Rule 33(d) of the Federal Rules of Civil Procedure.

As for Interrogatory No. 4, Plaintiff provided a list of customers that it alleged were lost due to Defendants' anticompetitive conduct. The only dispute appears to be whether Plaintiff should also identify customers that it did not

5

obtain because of such conduct; in other words, customers it pursued but failed to attain. Even though Plaintiff may not know with certainty whether certain customers it pursued became Defendants' customers instead, that does not mean Plaintiff has no information about who these customers might be. Thus, Plaintiff must supplement its response to this interrogatory by stating which customers, if any, it believes it failed to attain based on the information currently available to it. Plaintiff may not be able to state this information "with precision," but that does not mean it has no information on this issue. Of course, if the information is unknown or cannot be gleaned from any documents produced thus far, Plaintiff should simply say so.

      Lastly, with respect to Interrogatory No. 5, Plaintiff provided—after supplementation—an estimated calculation of lost profits, along with a general explanation for how it derived that number. (ECF No. 230-8 at 12-13). Defendants largely complain that this number fails to provide them with a breakdown of damages by customer. (ECF No. 227 at 2–3). At this early stage of fact discovery, it is premature for Defendants to expect a customer-by-customer breakdown of the damages asserted. But Plaintiff should still be able to provide more detail about how it derived its total estimated amount, including the back-up documents it relied upon. Plaintiff relied on some piece of information to ascertain the number it disclosed to Defendants, so at the very least, it should provide the factual basis for that calculation. As with Interrogatory No. 3,

Plaintiff could accomplish this by producing the underlying documents to Defendants and identifying them with specificity.

Thus, Plaintiff must supplement its responses to Interrogatory Nos. 3, 4, and 5 consistent with the Court's instructions. Those responses must be provided within 21 days of the date of entry of this Order. Plaintiff may supplement its responses after expert discovery as necessary, consistent with Rule 26(e).

## CONCLUSION

For the reasons stated above, Defendants' motion to compel is GRANTED in part and DENIED in part. Plaintiff must provide supplemental responses to Defendants' Interrogatory Nos. 3, 4, and 5, consistent with this Order, within 21 days of the date of entry of this Order, subject to supplementation after expert discovery.

**SO ORDERED.**

DATED:   White Plains, New York
         2/28/2025

_____
VICTORIA REZNIK
United States Magistrate Judge