```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/1/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Xinuos, Inc.,

                              Plaintiff,                    22-cv-09777-CS-VR

          -against-                             **ORDER**

IBM Corp. et al.,

                              Defendants.
------------------------------------------------------------X

**VICTORIA REZNIK, United States Magistrate Judge:**

Defendants filed two letter motions requesting leave to file documents under seal concerning two separate discovery disputes. Although the Court resolved the underlying discovery disputes, the sealing requests remain pending. For the reasons described below, both motions to seal are GRANTED.[1]

## BACKGROUND

On January 17, 2025, Plaintiff filed a renewed motion seeking to compel Defendants to produce Defendant IBM's source code. (ECF No. 225). When Defendants timely opposed the motion, (ECF No. 234), they contemporaneously moved for leave to file under seal one exhibit annexed to their opposition papers. (ECF No. 231). The exhibit was a series of slides from an IBM presentation given internally at the company that discussed testing requirements, marketing strategies, and product release schedules, among

---

[1] The Court recognizes that the parties recently filed a stipulation of dismissal of this case. But these outstanding motions must still be addressed, even if largely viewed as a housekeeping matter.

1

other things, for some of IBM's server operating system products. (ECF Nos. 232-1, 233-1).[2]

While the source code dispute was pending, Defendants moved separately to compel Plaintiff to supplement its responses to three of Defendants' interrogatories, (ECF No. 227), and submitted ten exhibits in support of that motion. (ECF No. 228).[3] Defendants then moved contemporaneously for leave to file under seal six of those ten exhibits and to redact portions of their motion papers. (ECF No. 226). Specifically, Defendants sought to seal one exhibit containing an unredacted letter from Defendants to Plaintiff detailing the deficiencies in Plaintiff's interrogatory responses (ECF No. 230-4), three exhibits containing Plaintiff's responses to Defendants' interrogatories (ECF Nos. 230-5, 7–8), one containing a portion of private notes taken by one of Plaintiff's employees (ECF No. 230-9), and one with internal correspondence among Plaintiff's employees. (ECF No. 230-10).[4] The redacted portions of Defendants' deficiency letter (ECF Nos. 228-4; 230-4) and their motion papers (ECF Nos. 227; 229) refer to details provided by Plaintiff in response to

---

[2] ECF No. 232-1 contains a placeholder page indicating that the corresponding document was filed under seal. ECF No. 233-1 contains the actual document.

[3] The ten exhibits contained within ECF No. 228 are labelled ECF Nos. 228-1 through 228-10. But ECF No. 228-4 contains redactions and ECF Nos. 228-5, 7, 8, 9, and 10 all contain a placeholder page indicating that the respective document was filed under seal.

[4] ECF No. 230 contains all ten exhibits contained in ECF No. 228, but ECF Nos. 230-4, 5, 7, 8, 9, and 10 are the actual documents Defendants sought to seal.

Defendants' interrogatories, which included information about Plaintiff's purported customers and revenue.

By order entered February 28, 2025, Defendants' motion to compel was granted in part and denied in part, and Plaintiff was directed to provide supplemental responses to the three interrogatories from Defendants. (ECF No. 241). At a discovery conference on March 7, 2025, Plaintiff's motion to compel was granted to the extent that Defendants would produce IBM's source code after the parties met and conferred to generate a "tailored proposal for the production." (ECF No. 243). But Defendants' motions for leave to file documents under seal are still pending. (ECF Nos. 226, 231).

## DISCUSSION

"Under both the common law and the First Amendment, there is a strong presumption of public access to judicial documents." *In re New York Times*, 799 F. App'x 62, 65 (2d Cir. 2020). To overcome that presumption, and allow for the continuous, indefinite sealing of a document, a court must make specific findings that "sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019) (quotation marks and citations omitted). Courts in this District have repeatedly permitted parties to seal or redact commercially sensitive information to protect a company's financial information and its competitive interests. *See Rubik's Brand Ltd. v. Flambeau, Inc.*, No. 17-CV-6559 (PGG) (KHP), 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021) (granting

motion to seal because documents contained confidential information related to marketing strategies and specific terms of contractual agreements, which could harm party's ability to compete if disclosed); *Graczyk v. Verizon Commc'ns, Inc.*, No. 18 Civ. 6465 (PGG), 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020) (similar).

A review of the documents submitted by Defendants for both motions reveals that they contain commercially sensitive information that could harm Defendants *and* Plaintiff if disclosed. ECF Nos. 230-5, 7, and 8 disclose Plaintiff's customers and revenue. The unredacted portions of ECF Nos. 229 and 230-4, which were redacted in ECF Nos. 227 and 228-4, respectively, then refer to those customers and revenue specifically. ECF No. 230-9 discloses private notes from Plaintiff's employee about Plaintiff's assessment of its competitors and its own business strategies. ECF No. 230-10 discloses internal correspondence among Plaintiff's employees regarding their business strategies. Lastly, ECF No. 233-1 contains information about IBM's internal testing requirements, marketing strategies, and product release scheduling. All of these documents contain confidential and commercially sensitive business and marketing information that could harm each of the parties' competitive standing if publicly disclosed.

Based on this Court's review of the filings, sealing the unredacted versions of Defendants' initial letter motion to compel and their deficiency letter are justified, sealing the documents highlighted by Defendants is similarly

4

justified, and sealing the documents in their entirety is the most narrowly tailored means of sealing them. Thus, this Court finds that ECF Nos. 229, 230-4, 5, 7, 8, 9, 10, and 233-1 should remain sealed.

## CONCLUSION

For the foregoing reasons, Defendants' motions to seal are **GRANTED**. The Clerk of Court is respectfully directed to maintain ECF Nos. 229, 230-4, 230-5, 230-7, 230-8, 230-9, 230-10, and 233-1 under seal and only viewable to "selected parties." Finally, the Clerk of Court is respectfully directed to close out the gavels associated with ECF Nos. 226, 229, and 231.

**SO ORDERED.**

DATED:  White Plains, New York
        4/1/2025

_____
VICTORIA REZNIK
United States Magistrate Judge